GILBERT A. SCHAYE & MICHELE E. SCHAYE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaye v. Commissioner
Docket No. 11270-76.
United States Tax Court
T.C. Memo 1978-285; 1978 Tax Ct. Memo LEXIS 229; 37 T.C.M. (CCH) 1201; T.C.M. (RIA) 78285; July 26, 1978, Filed Gilbert A. Schaye, pro se. Jack H. Klinghoffer, for the respondent. TANNEWALD MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 1,673.24 in petitioners' Federal income tax for calendar year 1974. Concessions having been made, the only issue remaining for our decision is the amount of sales tax petitioners are entitled to deduct. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are incorporated herein by this reference. Gilbert A. Schaye and Michele E. Schaye, husband and wife, maintained their residence at New York, N.Y., at the time of filing the petition herein. They filed a joint income tax return for the taxable year 1974. On their 1974 return, petitioners showed gross income of $ 42,310.28 and claimed a sales *230 tax deduction of $ 1,520. Respondent allowed a deduction of $ 594.37. Section 164. [1] That figure was obtained by assuming an 8-percent sales tax was paid on proven payments to department stores in the amount of $ 7,429.61. Petitioners wrote checks to named payees such as stores, American Express, and Master Charge (Chemical Bank) in 1974 totaling $ 9,229.84.They wrote checks to cash in 1974 totaling $ 8,071. OPINION Respondent determined that petitioners are entitled to a general sales tax deduction of $ 594.37. At trial, however, he conceded that petitioners are entitled to a deduction equal to 8 percent of the total checks submitted in evidence that were written in 1974 to named payees (other than two checks, both dated September 23, 1974, one in the amount of $ 67.10 and one in the amount of $ 5.20.) Thus, respondent concedes that $ 9,157.54 was expended in taxable transactions and that petitioners are entitled to a deduction of $ 732.60. The parties agree that this exceeds the amount petitioners would be entitled *231 to if they used the Optional Sales Tax Tables contained in the instructions for Form 1040. At time of trial, petitioners claimed entitlement to a general sales tax deduction of $ 1,431, [2] computed as follows: Total amount spent
(checks and cash)
$ 39,727
Less: Itemized expenses
not subject to sales tax
Business expenses
$ 5,643
Net rent
2,800
Interest
168
Principal on loan
2,000
Medical
620
Transportation
450
Food
2,500
14,181 [3]
$ 25,546
Sales tax rate
8%
$ 2,044
Estimated percentage of items
subject to sales tax
70%
Deductible sales tax
$ 1,431
Less: Amount previously
allowed
594
Additional sales tax claimed
$ 837
Petitioners have the burden of proving respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. *232 They urge us to accept their computation as evidence of the amount of New York sales tax they paid in 1974. Such uncorroborated evidence is not in and of itself sufficient to enable petitioners to carry their burden of proof. See Hradesky v. Commissioner,65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Cf. Edmister v. Commissioner,T.C. Memo. 1977-208. The record herein is not without its gaps. Aside from the checks to specific named payees which are the subject of respondent's concession, the only other evidence we have are the checks to cash totaling $ 8,071 and petitioner husband's oral testimony. [4] A strict analysis would lead to the conclusion that, since the foregoing amount is less than the total amounts expended for clearly nontaxable items as set forth in petitioners' own calculations and petitioners have made no attempt to deal with the problem of correlation that is obviously involved, petitioners have failed to carry their burden of proof as to any further deduction. Cf. Hanna v. Commissioner, a Memorandum Opinion of this Court dated June 6, 1951. Nevertheless, we think it would be totally *233 unrealistic to conclude that there were no taxable items paid for in cash. Accordingly, bearing heavily on petitioners, who have the burden of proof, we conclude that they are entitled to a deduction of $ 50 in addition to that conceded by respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. Petitioners actually claimed $ 1,389. However, their computation contained an arithmetic error. See n. 3, infra↩. 3. Petitioners used a figure of $ 14,922, which appears to be an arithmetic error. We have corrected the error and, consequently, other figures have also been adjusted.↩
4. Petitioners offered no evidence to support their deduction in respect of the payments covered by the two checks to named payees which were not included in respondent's concession.↩