T.C. Memo. 1999-395

UNITED STATES TAX COURT

ESTATE OF FREDERICK R. HOFFMAN, DECEASED,
MARILYN C. HOFFMAN, EXECUTOR,
AND MARILYN C. HOFFMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9952-98.                    Filed December 6, 1999.

Frank Agostino, Susan M. Flynn, and Andrew D. Engel, for
petitioners.

Craig Connell and Francis J. Strapp, Jr., for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notice dated April 3, 1998, respondent
determined deficiencies of $63,322, $76,801, and $60,804 in

petitioners' 1994, 1995, and 1996 Federal income taxes, respectively.

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues are whether petitioners: (1) Have interest income, pursuant to section 7872, from loans made to their controlled corporation; and (2) are entitled to deduct, on their 1996 tax return, 1997 real property taxes.

FINDINGS OF FACT

Frederick R. Hoffman died on August 15, 1996, and Marilyn C. Hoffman was duly appointed executor of his estate. At the time the petition was filed, Mrs. Hoffman resided in Woodville, Virginia.

Petitioners were the controlling shareholders of, and routinely advanced funds to, Hilltop Stud Farm, Inc. (Hilltop). Petitioners routinely paid Hilltop's expenses with personal funds. Corporate and personal records reflected the advances (including expense payments) as increases in petitioners' shareholder loan accounts. Petitioners made nine advances in 1994, three in 1995, and four in 1996 (i.e., Hilltop's fiscal years ending March 31). Hilltop's 1994, 1995, and 1996 Federal income tax returns, signed by Mrs. Hoffman as its president, reflected "Loans from stockholders" of $2,122,195, $1,613,053,

and $1,751,372, respectively. Hilltop did not pay interest on these amounts.

In 1994, Hilltop repaid petitioners $558,000 of the advances. They did not report any of the $558,000 as income. In that same year, Hilltop paid $416 to Electronic Keyboard Service for repair of Mrs. Hoffman's organ. Hilltop recorded this transaction as a repayment of petitioners' advances and reduced Mrs. Hoffman's shareholder loan account by $416.

Petitioners prepaid $5,520 of their 1997 real property taxes and deducted that amount on their 1996 tax return.

Respondent determined that petitioners, pursuant to section 7872, had unreported interest income of $97,589, $106,483, and $100,076 in 1994, 1995, and 1996, respectively. In addition, respondent disallowed petitioners' $5,520 prepaid real property tax deduction.

OPINION

I. Interest Income From Loans

Section 7872 recharacterizes a below-market loan (i.e., loan subject to a below-market interest rate) as an arm's-length transaction in which the lender made a loan to the borrower in exchange for a note requiring the payment of interest at a statutory rate. As a result, the parties are treated as if the lender made a transfer of funds to the borrower, and the borrower used these funds to pay interest to the lender. The transfer to

the borrower is treated as a gift, dividend, contribution of capital, payment of compensation, or other payment depending on the substance of the transaction.  The interest payment is included in the lender's income and generally may be deducted by the borrower.  See KTA-Tator, Inc. v. Commissioner, 108 T.C. 100, 102 (1997).

Section 7872 applies to a transaction that is: (1) A "below-market" loan, and (2) not described in any of certain enumerated categories.  See sec. 7872(c)(1), (e)(1), (f)(8).  We discuss the requirements in turn.

A.  Below-Market Loan Requirement

To determine if the below-market loan requirement is satisfied, we must ascertain whether a transaction is: (1) A loan, (2) a demand or term loan, and (3) subject to a below-market interest rate.  See sec. 7872(e)(1).

1.  Loan Requirement

Respondent contends that petitioners' advances to Hilltop were loans.  Petitioners contend their advances were capital contributions.

For purposes of section 7872, any transfer of money that provides the transferor with a right to repayment, including an advance, may be a loan.  See KTA-Tator, Inc. v. Commissioner, supra at 103.  Petitioners transferred money to Hilltop, recording the transfers as loans in their personal and corporate

records and received repayments during the years in issue. Contrary testimony offered by Mrs. Hoffman was vague, contradictory, and unpersuasive. Therefore, we conclude that the advances were loans for purposes of section 7872, and the loan requirement is satisfied.

### 2. Demand or Term Loan

Below-market loans fit into one of two categories: Demand loans and term loans. See sec. 7872(e)(1). A demand loan includes "any loan which is payable in full at any time on the demand of the lender." Sec. 7872(f)(5). A term loan is "any loan which is not a demand loan." Sec. 7872(f)(6).

The determination of whether a loan is payable in full at any time on the demand of the lender is a factual one. Loans between closely held corporations and their controlling shareholders are to be examined with special scrutiny. See Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1339 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). Petitioners made loans, without written repayment terms, to their controlled corporation, and they determined when the loans would be repaid. Therefore, we conclude that the loans are demand loans.

### 3. Below-Market Interest Rate

A demand loan is a below-market loan if it is interest free or if interest is provided at a rate that is lower than the

applicable Federal rate (AFR) as determined under section 1274(d).  See sec. 7872(e)(1)(A).  Petitioners made loans to Hilltop, and Hilltop did not pay interest on these loans. Therefore, we conclude that the loans are below-market demand loans.

B.  Enumerated Category Requirement

Section 7872(f)(8) provides that section 7872 shall not apply to any loan to which any of certain enumerated sections applies.  None of the enumerated sections applies to petitioners' loans.  Therefore, we conclude that the enumerated category requirement is met, and section 7872 applies to petitioners' loans.

Accordingly, we hold that petitioners, pursuant to section 7872, have interest income from below-market loans they made to Hilltop.  Petitioners contend, but have not established, that the loans should be deducted, pursuant to section 166, as bad debts.

II.  Deductibility of Prepaid Taxes

Section 164(a)(1) allows a deduction for real property taxes.  Deduction of prepaid real property taxes has been disallowed where a cash basis taxpayer failed to establish that the prepayment represented assessed, rather than estimated, taxes, and that such taxes were due in the year they were paid. See Hradesky v. Commissioner, 540 F.2d 821 (5th Cir. 1976), affg. per curiam 65 T.C. 87 (1975).  Petitioners have not established

that their $5,520 prepayment represented assessed, rather than estimated, taxes.  In addition, they have conceded that the $5,520 was not due in 1996.  Accordingly, petitioners may not deduct the $5,520 from their 1996 income.

Any other contention made by the parties is irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.