T.C. Summary Opinion 2005-11

UNITED STATES TAX COURT

CYNTHIA PAMELA ALDRIDGE DUMOND AND
JEFFREY ALLEN DUMOND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6692-03S.                    Filed January 31, 2005.

Jeffrey Allen Dumond, pro se.

<u>J. Anthony Hoefer</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the 1999 and 2000 years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $1,260 and an accuracy-related penalty of $252 for the taxable year 1999. Respondent also determined a deficiency in petitioners' Federal income tax of $1,260 and an accuracy-related penalty of $252 for the taxable year 2000.

The issues for decision are: Whether petitioners should be allowed business expense deductions for amounts paid to their minor children during 1999 and 2000, and whether petitioners are liable for the section 6662(a) accuracy-related penalties for negligence or disregard of rules or regulations in the years in issue.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits thereto are incorporated herein by this reference. Petitioners resided in Des Moines, Iowa, on the date the petition was filed. Petitioner-husband Jeffrey Allen Dumond (petitioner) appeared before the Court and presented petitioners' case. Petitioner-wife Cynthia Pamela Aldridge Dumond did not appear.

## Background

Petitioners timely filed their Federal income tax returns for the taxable years 1999 and 2000. Petitioners filed their

1999 and 2000 income tax returns as married filing jointly using the cash method of accounting.

During 1999 and 2000, petitioner operated a vending machine business, State of the Art Vending. Petitioner purchased this business in 1999, acquiring vending machines and a clientele list. During 1999 and 2000, State of the Art Vending serviced 10 clients.

On his Schedule C, Profit or Loss From Business, for taxable years 1999 and 2000, petitioner deducted labor expenses of $8,400 in each year, which consisted of $4,200 paid to each of his two minor children. In the statutory notice, respondent disallowed the amounts paid to his children after determining that the amounts were not ordinary and necessary expenses paid or incurred in a trade or business.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in the notice of deficiency to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) shifts the burden of proof to the Commissioner under certain circumstances. The burden does not shift with respect to any factual issue relating to petitioners' liability for the income tax deficiencies because petitioners neither alleged that section

7491 was applicable nor established that they complied with the statutory substantiation requirements of section 7491(a), as shown below.  Sec. 7491(a)(2)(A) and (B).

Business Expenses--Wages Paid to Children

Section 162(a)(1) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered.

Section 1.162-7(a), Income Tax Regs. provides:  "The test of deductibility in the case of compensation payments is whether they are reasonable and are in fact payments purely for services."  See Elec. & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1340 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974).  The question of whether amounts paid represent reasonable compensation for services is one of fact determined from all the facts and circumstances of the case.  Charles Schneider & Co. v. Commissioner, 500 F.2d 148, 151 (8th Cir. 1974), affg. T.C. Memo. 1973-130; Home Interiors & Gifts, Inc. v. Commissioner, 73 T.C. 1142, 1155 (1980).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This includes the burden of

substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner testified that he paid wages of $4,200 a year in 1999 and 2000 to each of his two children.  Petitioners' children were ages 10 and 5 in 1999.  Petitioner testified that the payments to his children were based on what he believed the "law allowed for, so that they [his children] would not have to file taxes."

Petitioner testified that the services provided by his children included:  Riding along on the weekly routes to the vending machines, putting candy bars into the machines, sorting the totes full of candy, breaking down the cardboard and sorting out the recyclable products of waste produced by the business.  The older child also helped with counting money.  Petitioner testified that his children worked approximately 10 hours per week.  Petitioner admitted, however, that he did not know for sure how often his children worked every week and that he did not keep any record of their hours.

Petitioner offered into evidence copies of checks and a bank statement to establish payment of wages to his children.  Petitioner testified that his children were paid once a year at the end of December.  However, the checks made out to his children were not cashed until at least 2 months later because there was not enough capital in the business to cash the checks

when they were issued.  Even after the checks were endorsed by the payee children and petitioner, he retained control of the proceeds.  Petitioner did not set up separate accounts for his children in which to deposit their alleged wages; instead, petitioner kept the proceeds and either reinvested the proceeds into his business or deposited said proceeds into his own personal account.  Petitioner also never established an hourly rate for his children's services.  His children were paid a set amount for both years.

Petitioner has failed to carry his burden of proof with respect to the deductions taken for wages paid to his children, and thus respondent's determination must be sustained.  See Romine v. Commissioner, 25 T.C. 859 (1956); Chappell v. Commissioner, T.C. Memo. 2001-146; Medina v. Commissioner, T.C. Memo. 1983-253; Snyder v. Commissioner, T.C. Memo. 1975-221.

Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) with respect to the underpayment attributable to the disallowed deductions for Schedule C wages.

Section 7491(c) provides that the Commissioner shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount.  Specifically, section 7491(c), which was

enacted by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(a), 112 Stat. 726, provides as follows:

> SEC. 7491(c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

Section 7491(c) is effective with respect to court proceedings arising in connection with examinations commencing after July 22, 1998. RRA 1998 sec. 3001(c)(1), 112 Stat. 727. There is no dispute that the examination in the present case commenced after July 22, 1998.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause

and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

It is clear that petitioner was negligent with respect to the disallowed deductions for Schedule C wages. Petitioner did not keep adequate books and records or otherwise substantiate the deductions reported on Schedule C, as required by the Internal Revenue Code. Amounts that were allegedly paid to his children always remained in his control. We sustain respondent's determination with respect to the section 6662(a) accuracy-related penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.