T.C. Summary Opinion 2006-111

UNITED STATES TAX COURT

WARREN MCKINNLEY DOWDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20836-04S.                Filed July 17, 2006.

Warren McKinnley Dowdy, pro se.

<u>Margaret Burow</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case for the
redetermination of a deficiency was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for 2001.  Rule references are to the Tax Court Rules of
Practice and Procedure.  The decision to be entered is not

reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a $10,224 deficiency in petitioner's 2001 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to the cost of goods sold and expense deductions reported on a Schedule C, Profit or Loss From Business, included with his 2001 Federal income tax return; and (2) whether petitioner is entitled to a charitable contribution deduction.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Yonkers, New York.

At all times relevant petitioner was employed by the New York Times. Early in 2001, petitioner acquired an interest in a business that operated what he describes as a "candy store" located on Myrtle Avenue in Brooklyn, New York (the business premises). Pursuant to a Search Warrant On Written Affidavit, issued April 4, 2001, agents from the Federal Bureau of Investigation searched the business premises and seized "1 roll of fax tape", "2 Pokeman notebooks w/numbers written in there", "several index cards w/numbers", "Nextel phone records", and "misc. paperwork". The criminal activity that gave rise to the

search is not known, and petitioner was not charged with a criminal offense as a result of the search.

Petitioner's timely 2001 Federal income tax return includes a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss From Business. As relevant here, petitioner reported Gifts to Charity totaling $4,405 on the Schedule A. That amount consists of $4,000 in cash gifts and $405 in property contributions. Because of the limitations on deductions allowed by section 170, petitioner claimed a $2,310 deduction for these gifts.

No gross receipts are reported on the Schedule C included with petitioner's return. The schedule shows cost of goods of $45,800 and various deductions totaling $17,084. Taking into account the absence of any gross receipts, the cost of goods sold and those deductions, a $62,884 business loss is reported on the Schedule C.

In the notice of deficiency, respondent disallowed, for lack of substantiation, the business loss deduction and charitable contribution deduction claimed on petitioner's 2001 return. Other adjustments made in the notice of deficiency have been agreed to or are computational and need not be addressed.

## Discussion

As has often been stated, deductions are a matter of legislative grace, and a taxpayer who claims a deduction must

establish entitlement to it.  Rule 142(a);[1] <u>New Colonial Ice Co.</u> <u>v. Helvering</u>, 292 U.S. 435, 440 (1934).  In order to establish entitlement to a deduction, the expense to which the deduction relates must be properly substantiated.  <u>Hradesky v.</u> <u>Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see also sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. (requiring taxpayers to maintain sufficient records to permit verification of deductible expenses).

1. <u>Charitable Contribution Deduction</u>

The charitable contribution deduction claimed on petitioner's return consists of gifts in cash and property. According to petitioner, throughout the year in issue he regularly provided cash in increments from $50 to $800 to his mother and grandmother who, in turn, donated the cash to a religious organization.  Petitioner testified that he rarely attended religious services with either his mother or grandmother.  Petitioner also claims to have made cash contributions to Greenpeace, Toys-For-Tots, the New York City Fire Department, and the Special Olympics.  In addition to the cash contributions, petitioner claims that he donated property,

---

[1] Petitioner's failure to substantiate the cost of goods sold and deductions here in dispute render the provisions of sec. 7491(a)(1) inapplicable.  See sec. 7491(a)(2).

mostly used clothing, to either the Salvation Army or the Red Cross.

In general, a taxpayer is allowed to deduct any contributions or gifts made to qualifying organizations for their use. See sec. 170(a). Section 1.170A-13(a)(1), Income Tax Regs., requires that charitable contribution deductions, whether made by cash or otherwise, be substantiated by at least one of the following:

> (i) A canceled check.

> (ii) A receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution. A letter or other communication from the donee charitable organization acknowledging receipt of a contribution and showing the date and amount of the contribution constitutes a receipt * * *.

> (iii) In the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of contribution, and the amount of the contribution.

If the donation is a small amount, any written or other evidence from the donee charitable organization acknowledging receipt is generally sufficient. The reliability of the records is determined on the basis of all relevant facts and circumstances. See sec. 1.170A-13(a)(2)(C), Income Tax Regs.

In this case none of the contributions that petitioner claims to have made are supported by any of the types of substantiating documents described above. That being so,

petitioner is not entitled to the charitable contribution deduction claimed on his return, and respondent's disallowance of that deduction is sustained.

2. Schedule C Items

The Schedule C included with petitioner's return shows a net operating loss of $62,884, that, as described above, consists of cost of goods sold, plus various expense deductions. Cost of goods sold is properly taken into account in determining a taxpayer's net income or loss from business, as are business expenses deductions. Sec. 162(a); sec. 1.162-1, Income Tax Regs. Items that are included in the taxpayer's computation of cost of goods sold as well as business expense deductions must be properly substantiated.

Petitioner did not maintain any books of account for the business. At trial, petitioner suggested that if given more time, he would be able to produce bank records, canceled checks, and retirement plan documents that would support his claim to the items shown on the Schedule C. The record was held open for approximately 90 days to allow petitioner to obtain and submit additional evidence, but he failed to do so. As it turns out, other than petitioner's vague testimony on the items, nothing in the record supports his claim to the cost of goods sold or deductions claimed on the Schedule C. Respondent's disallowances of those items are sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.