*Decision will be entered under Rule 50.*

EDWARD HAGELIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70208. Promulgated January 4, 1938.

*Carl R. Chindblom, Esq.,* for the petitioner.
*Elmer L. Corbin, Esq.,* for the respondent.

### OPINION.

MURDOCK: The Commissioner determined deficiencies in income tax of $2,262 for 1929 and $541.11 for 1930. One of the issues raised by the petition has been waived. The remaining issue is whether the petitioner is entitled to deductions for real estate taxes alleged to have been paid by him in the taxable years. The deductions claimed are $9,000 for 1929 and $9,658.96 for 1930. The facts are stipulated so that no findings are necessary.

The petitioner is a resident of Chicago, Illinois. He filed income tax returns for 1929 and 1930 on the cash receipts and disbursements basis. He owned numerous pieces of real estate in Cook County, Illinois.

Prior to the taxable years the Lincoln Trust & Savings Bank of Chicago (hereinafter referred to as the bank), was appointed a deputy collector of taxes by the county treasurer and, *ex officio*, county collector for Cook County, pursuant to authority vested in him by the laws of Illinois. The petitioner had in prior years regularly paid his real estate taxes during the year in which he received the tax bills. That was always the year following the year for which and during which the taxes were assessed. The payments were made to the bank, by checks payable to the bank, and the bank issued receipts in the name of the collector.

Assessments on property for taxation purposes in the State of Illinois are made for and during the current calendar year, and the taxes are extended for collection during the following year. This procedure was uniformly followed in Cook County until the state tax commission in 1928, pursuant to law, ordered a reassessment of all real property in Cook County for 1928 taxes payable in 1929. The reassessment was not completed until after 1929, and real estate taxes for 1928 were not determined or placed in collection during 1929 when they otherwise would have been due for payment.

The petitioner delivered $9,000 to the bank on December 30, 1929, together with a letter stating that the amount was to be "held in trust in payment for 1928 real estate taxes levied against" designated pieces of real estate, and directing the bank "to hold this amount and pay the same to Treasurer of Cook County upon presentation of tax bills for 1928." The petitioner received tax bills for 1928 in the total amount of $9,953.25 on July 10, 1930. He then paid the bank the additional sum of $953.25 and received receipts from it as deputy in the name of the county treasurer.

Real estate taxes in Cook County for 1929 were not assessed, extended, determined, or collected during 1930 as they otherwise would have been. The petitioner, on December 31, 1930, delivered to the bank $12,750, to be held and used by it for the payment of real estate taxes for 1929 when the bills therefor should be presented to it. He received a receipt from the bank stating that the money was to be held "for the purpose of paying general taxes for the year 1929" on designated pieces of real estate. The bank ceased doing business on April 16, 1931, and was placed under the control of the Auditor of Public Accounts of the State of Illinois, who thereafter appointed a receiver for the bank. The sum deposited by the petitioner was in the possession of the bank at the time the bank was closed and came into the possession of the receiver. The affairs of the bank and the receivership were conducted in a chancery proceeding in the Circuit Court of Cook County. The petitioner filed an intervening petition in that proceeding, and on September 23, 1931, a decree was entered declaring that the money was deposited for the express and special purpose of

having the same used by the bank to pay certain real estate taxes, the bank accepted the money for that purpose, and the money had not been used for that purpose but still remained a part of the assets of the bank in the possession of the receiver and constituted a trust fund which should be paid to the petitioner as a preferred claim. The receiver paid the amount of $12,750 to the petitioner on November 6, 1931.

The taxes for 1929 upon the real estate mentioned in the receipt became due and payable on May 15, 1931. On that date the bank was not acting as deputy collector, and had not used the money deposited for payment of real estate taxes as it had been instructed to do. The petitioner requested the receiver to use the money to pay the taxes, but the receiver refused. On August 14 and September 4, 1931, the petitioner paid directly to the county treasurer the amount of $9,-658.96, in payment of taxes for 1929 upon the real estate referred to in the receipt issued by the bank on December 31, 1930. These payments were made to prevent sales of the real estate for the nonpayment of taxes. The bills rendered for the taxes so paid contained a notice and direction by the county collector to taxpayers to pay their taxes at various substations which had been authorized to receive such taxes. The bank was included in the list of substations, although it did not in fact act as subcollector after April 16, 1931.

In determining the deficiencies the Commissioner allowed no deduction from the petitioner's gross income for 1929 for real estate taxes paid on Chicago real estate in 1929. He allowed the petitioner a deduction from his gross income for 1930 of the amount of real estate taxes paid during 1930 on account of 1928 taxes.

A number of proceedings have come before the Board as a result of the reassessment of real property in Cook County ordered by the state tax commission in 1928. This taxpayer filed his returns on the cash receipts and disbursements basis. In prior years he had paid a substantial amount of taxes on real estate in Cook County and had properly taken deductions on his income tax return for the taxes paid. As a result of the delay in the reassessment, no real estate taxes were actually assessed during 1928, and no taxes were determined or placed in collection during 1929. The petitioner realized that unless he could pay his taxes in some way he would not get any deduction in his income tax return, so he tried to devise a plan which would entitle him to the deduction. He chose a bank which had been regularly appointed a deputy collector of taxes. He placed $9,000 in the hands of that bank during 1929 for the payment of real estate taxes for 1928 as soon as they might be made ready for payment. During the year 1930 the bank actually used the funds for the purpose of paying the 1928 taxes. The petitioner had to make an additional payment of a

small amount. The Commissioner allowed the entire amount paid in 1930 as a deduction for 1930. But the petitioner contends that he is entitled to deduct $9,000 of the amount in computing his income for 1929. Unfortunate as it may be, he is not entitled to the deduction claimed for 1929.

The statute in section 23 (c) allows a deduction, to one on a cash receipts and disbursements basis, of the taxes paid within the taxable year. *Milton D. Eisner, Executor*, 9 B. T. A. 210; *Corinth State Bank*, 14 B. T. A. 1162; *Benjamin I. Powell*, 26 B. T. A. 509; *Leach* v. *Commissioner*, 50 Fed. (2d) 371. The petitioner did not pay the taxes in 1929. It appears that payment at that time was impossible because the amount was not known and no one had authority to receive any amount from him in 1929 as payment of real estate taxes for 1928. The bank, although a deputy collector, had no authority to accept the $9,000 as payment of taxes, and it merely accepted the amount in trust for the purpose of paying the taxes at a later date upon presentation of the tax bills. Those bills were not presented or paid until 1930. The bank was no more than agent or trustee for the petitioner in holding the funds during the interim. *Arthur T. Galt*, 31 B. T. A. 930. The statute limited the power of the bank as deputy to the collection of taxes "levied or assessed." The taxes for 1928 had not been levied or assessed in 1929 and the bank had no authority at that time to collect the money as an actual discharge of the 1928 taxes. The deduction is allowed only when there has been payment to the tax collecting authority. Payment means the discharge of a debt or obligation, and payment of taxes means payment to a properly designated officer who, at the time of the payment, has authority to receive it as tax in discharge of the debt or obligation.

The facts upon which the petitioner relies to show his right to deduct for 1930 a portion of the amount which he deposited in that year for payment of his taxes for 1929 are, if possible, less favorable than those pertaining to the alleged deduction for 1929. Before the bank could use the money to pay the taxes for 1929, it was closed and ceased to be a deputy collector. The money was never used for payment of the petitioner's taxes, but was eventually returned to him. After his tax bills had been presented in 1931, he paid them with other funds. That did not entitle him to a deduction of that amount for 1930.

The petitioner contends that the deposits which he made were conditional payments, and, when they became final upon presentation of the tax bills and actual discharge of his liability, they related back to the time of the deposit. However, the deposits were not even conditional payment. They were merely for the purpose of payment in the future. The cases which the petitioner cites in support of this

**12**

argument all involved checks issued in payment of taxes. The condition to be fulfilled was payment on presentation of the check. The payments were to the tax collector, and the decisions show that the regulations and statutes relating to payment by check were designed to avoid inconvenience in administration and collection of taxes. Those cases are not applicable here. Cf. *Marian Stewart Honeyman*, 24 B. T. A. 130.

*Decision will be entered for the respondent.*