**Frank J. HRADESKY,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 76–2393

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Frank J. Hradesky, pro se.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Gilbert E. Andrews, Act. Chief, Appellate Sect., Ann Belanger Durney, James E. Crowe, Jr., Dept. of Justice, Meade Whitaker, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

 Hradesky (Taxpayer) appeals from a ruling by the Tax Court[1] upholding the Commissioner's deficiency determination for the 1966 and 1967 tax years. With the exception of Taxpayer's contentions regarding irrevocable payment of real estate taxes to a third person, non-taxing authority, this Court finds all other asserted errors to be without merit.[2]

 Addressing Taxpayer's remaining and only serious point of error, this Court does not undertake consideration of and does not pass on the question of whether a deduction for real estate taxes under 26 U.S.C.A. § 164(a)(1) must be allowed a cash basis taxpayer in the year irrevocable mortgage payments which include real estate taxes are made to a mortgagee, non-taxing party despite the mortgagee's payment to the appropriate taxing authority in a subse-

---

1. *Hradesky v. Commissioner of Internal Revenue*, 1975, 65 T.C. 87.

2. Taxpayer cites in his *pro se* brief the following errors:

(1) Denial of business and itemized personal deductions. The record is devoid of any substantiation of these alleged items. Consequently, Taxpayer has failed to meet his burden under *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933). In this light, the Tax Court's findings cannot be said to be clearly erroneous. *Schultz v. Commissioner*, 5 Cir., 1961, 278 F.2d 927; *Phillips v. Commissioner*, 5 Cir., 1957, 246 F.2d 209, 213–14.

(2) Denial of a Discovery Motion made over three months after issuance of the Tax Court's opinion. Disposition of this contention requires no comment.

(3) Denial of a Motion for Recusal which the Taxpayer based on the accusation that ". . . both [Judges] have been tainted by serving the cause of the [Government] . . ." and petitioner faced a ". . . battery of [Tax Court] 'Judges' all of whom had long before been agents of the Government at various levels and who were heavily imbued with the [Government's] views." Such criticisms are unsupported by the record. Indeed, the Tax Court's denial of the Commissioner's motion to dismiss with prejudice for failure to prosecute, a pretrial conference which resulted in a decrease in the deficiencies from $9500 to $4300, and repeated opportunities before and during trial to come forth with evidence substantiating the disputed items, all demonstrate the absence of the alleged bias.

(4) The Tax Court erred in ". . . preventing Petitioner from proceeding with his burden of proof in the trial court" by permitting ". . . counsel for Respondent to make the opening statement . . ." and by the Tax Court's questioning Taxpayer. As indicated immediately above, Taxpayer was granted ample opportunity to proceed with his burden of proof.

(5) Denial of a Motion for Review by the full [Tax] Court based on four issues. The first three (whether unsubstantiated evidence constitutes substantiation, whether substantiation can be required, and the payment of real estate taxes to a third party discussed below) may be dispensed with by the rationale used in (1) above. The fourth contention was that the statute of limitations barred the Government's claim. In light of Taxpayer's waiver of this defense—both in writing to the Internal Revenue Service and by failure to raise it in the pleadings under Rule 39, Tax Court Rules of Practice and Procedure—and mere verbal declarations of governmental coercion, this ruling is correct. However, this Court need not rely on finding this ruling valid because Taxpayer's argument to this Court is that the motion for a hearing before the full Tax Court was made to ". . . offset the bias . . ." of the Trial Judge. Our comments on the Recusal Motion effectively eliminate this claimed basis of error.

(6) Racing from one astonishment to the next Taxpayer alleges a denial of due process because ". . . he could not buy his way into [the] District Court, [and] stood alone against the Commissioner's staff of agents, attorneys and the Commissioner's highly trained Tax Court Judge." This is without any merit. This Circuit has considered the Congressional creation of Tax Court and District Court jurisdiction and has found no fault with this legislative judgment. *Willmut Gas & Oil Co. v. Fly*, 5 Cir., 1963, 322 F.2d 301, 303, *cert. denied*, 375 U.S. 984, 84 S.Ct. 518, 11 L.Ed.2d 473 (1964); see *Phillips v. Commissioner*, 283 U.S. 589, 596–97, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); see *Federal Communications Commission v. WJR*, 337 U.S. 265, 275 n. 9, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949). Additionally, no question analogous to the invalid, quick termination procedure used in *Kabbaby v. Richardson*, 5 Cir., 1975, 520 F.2d 334, exists in this case.

quent tax year.[3] Instead, the absence of any indication in the record by Taxpayer that his prepayment of taxes to the mortgagee represented actually assessed rather than estimated taxes, that such taxes were actually due in the tax year in question, or that a firm commitment on the part of the mortgagee to pay the taxing unit within 1966 existed, the Tax Court's finding under the clearly erroneous rule is adequately supported by the evidence. More simply, Taxpayer has failed to meet his burden of incorporating into the record facts which demonstrate this finding was without adequate evidentiary support or the result of an incorrect perspective of the law. *Klamath Medical Service Bureau v. Comm.*, 9 Cir., 1958, 261 F.2d 842; *Estate of Spicknall v. Comm.*, 8 Cir., 1961, 285 F.2d 561; 9 Mertens, Law of Federal Taxation, § 51.23, (1976 ed.); see generally *W. F. Chaney v. City of Galveston*, 5 Cir., 1966, 368 F.2d 774, 776; *Cedillo v. Standard Oil Co.*, 5 Cir., 1961, 291 F.2d 246, 248. Consequently, the denial of a deduction for Florida property taxes in 1966 is affirmed.[4]

AFFIRMED.

---

**3.** Taxpayer was allowed a deduction for his Illinois property taxes for 1966, but was denied a deduction for his 1966 Florida property taxes. Allegedly, payment of each state's taxes had been made to the mortgage company by the Taxpayer as part of each mortgage installment paid in 1966. The mortgage company paid over Taxpayer's 1966 property taxes to Illinois in 1966. If not paid by June 1 and September 1 of the calendar year due, taxes are considered delinquent under Illinois law. Smith-Hurd Ill. Ann.Stat., c. 120, §§ 675, 705. For 1966 real estate taxes in Florida, however, the mortgagee did not pay the appropriate taxing authority until May 1967. In contrast to Illinois, payment of property taxes assessed for 1966 was not considered delinquent until April 1, 1967 under Florida law. Fla.Stat.Ann., §§ 192.04, 193.50, 193.51.

**4.** This Court emphasizes that affirmance of the Tax Court's disallowance of the Florida real estate tax deduction is not to be construed as approval or disapproval of that Court's substantive holding. Rather, it rests in Taxpayer's failure to make a proper record. For this reason, this Court does not have to pass on the following cases urged by the Government: *Galt v. Commissioner*, 1934, 31 B.T.A. 930; *Hagelin v. Commissioner*, 1938, 37 B.T.A. 8; *United Mercantile Agencies, Inc. v. Commissioner*, 1955, 23 T.C. 1105.