T.C. Memo. 1999-3


UNITED STATES TAX COURT


JOEL HILLMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3706-96.                    Filed January 5, 1999.


Joel Hillman, pro se.

<u>Daniel J. Parent</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  In a notice dated December 7, 1996, respondent determined a deficiency, a section 6651(a) addition to tax, and a section 6662(a) penalty relating to Joel Hillman's 1991 Federal income tax.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and

Procedure.  Petitioner resided in Lompoc, California, when he petitioned this Court.

## FINDINGS OF FACT

Petitioner was involved in the business of selling antiques. On September 6, 1991, petitioner borrowed $50,000 from his mother, Myrtle Hillman.  Later that month, petitioner lent these funds to Peter Scholes.  Mr. Scholes used these funds to finance PM For Export and agreed to repay the loan in September 1992.  PM For Export was an Argentinean business that exported European antique furniture from Buenos Aires to the United States and Canada.  After making the loan, PM For Export hired petitioner to find purchasers.  During the latter part of 1991 and in 1992, PM For Export failed to generate any business.  As a result, Mr. Scholes could not repay petitioner.

In 1993, the Drug Enforcement Agency (DEA) investigated petitioner and seized most of his records.  Petitioner was arrested and charged with conspiracy to possess marijuana.  In 1994, petitioner pleaded guilty and was sentenced to 5 years in Federal prison.

Petitioner typically did not prepare his own Federal income tax returns.  In 1993, while in the Federal Correctional Institution in Lompoc, California, petitioner had his 1991 Federal income tax return prepared by his accountant, Kenneth Casey.  Petitioner could not provide Mr. Casey with some records relating to 1991 because the DEA refused to release them.  Mr. Casey's entries on the return were based on the available records

and information received from petitioner during telephone calls from prison. The return was filed on October 9, 1994. On his 1991 return, petitioner reported a $50,000 ordinary loss and a $3,000 capital loss relating to PM For Export.

OPINION

Respondent denied petitioner's deductions for an ordinary loss, a capital loss, state and local income taxes, unreimbursed employee expenses, and expenses relating to rental property. Respondent further determined that petitioner was liable for an addition to tax for failure to file and an accuracy-related penalty.

1.   Ordinary and Capital Loss Deductions

Petitioner lent Mr. Scholes the $50,000 in mid-September of 1991. Petitioner contends that the loan, which was due in 1992, became worthless in 1991 and that he is entitled to a $50,000 ordinary loss deduction for a business bad debt. Respondent contends that petitioner failed to establish that the loan became worthless in 1991. We agree with respondent. Although a taxpayer need not wait until a debt becomes due to determine that it is worthless, section 1.166-1(c), Income Tax Regs., petitioner did not establish that the loan became worthless in 1991, the year he deducted it. See Higginbotham-Bailey-Logan, Co. v. Commissioner, 8 B.T.A. 566 (1927) (holding that the taxpayer must establish that he ascertained the debt to be worthless in the taxable year in which he claims it to be deductible). Petitioner also reported a $3,000 capital loss deduction that allegedly

related to the $50,000 loan.  Petitioner did not contest

respondent's disallowance of the $3,000 capital loss.

Accordingly, we sustain respondent's determinations.

2.   Deductions for Rental and Other Expenses

Respondent denied, for lack of substantiation, petitioner's

deductions for state and local income taxes, unreimbursed

employee expenses, and expenses relating to rental property.

Although petitioner's testimony established that he owned rental

property and incurred expenses relating to this property, he

failed to substantiate, or provide any reasonable basis for us to

estimate, these expenses.  Petitioner failed to meet his burden

of substantiating the remainder of his deductions.  See Hradesky

v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d

821 (5th Cir. 1976).  Accordingly, we sustain respondent's

determination.

3.   Addition to Tax for Failure To File a Timely Return

Respondent determined, pursuant to section 6651(a), a

$4,875 addition to tax for petitioner's failure to file in a

timely manner a 1991 Federal income tax return.  Petitioner's

1991 return was filed on October 9, 1994.  Petitioner did not

contest respondent's determination, yet respondent concedes that

he overstated the addition to tax by $1,625 in the notice of

deficiency.  Accordingly, petitioner is liable for a $3,250

addition to tax.

4.   Accuracy-Related Penalty

Respondent determined that petitioner is liable for a section 6662(a) accuracy-related penalty.  The penalty applies to the portion of petitioner's underpayment that is attributable to a substantial understatement of income tax.  Sec. 6662(b)(2).  If petitioner establishes that he acted in good faith and there was reasonable cause for claiming the deductions, an accuracy-related penalty will not be imposed on the portion of the underpayment relating to such deductions.  See sec. 1.6664-4(a), Income Tax Regs.  Reliance on an accountant may demonstrate reasonable cause and good faith.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Petitioner contends that he should not be liable for the accuracy-related penalty on the portion of the underpayment that relates to the bad debt deductions because he reasonably relied on the advice of his accountant.

While in prison, petitioner hired Mr. Casey to prepare the 1991 return.  Petitioner supplied Mr. Casey with all the available relevant records and did not withhold any information.  In addition, petitioner used his limited telephone privileges to consult with Mr. Casey.  Mr. Casey proceeded incorrectly to report petitioner's bad debt loss as a $50,000 ordinary loss on Form 4797 (Sales of Business Property) and a $3,000 capital loss on Schedule D (Capital Gains and Losses).  Petitioner took reasonable efforts to assess his proper tax liability and reasonably relied on Mr. Casey's expertise in reporting, and determining the deductibility of, the bad debt.  Thus, petitioner

acted in good faith, and there was a reasonable cause for the portion of the underpayment relating to the ordinary and capital loss deductions.

Petitioner also established that he acted in good faith and had reasonable cause for claiming expenses for road dues, mortgage interest, and professional fees relating to his rental property. Although petitioner, at trial, was unable to substantiate these deductions, at the time he filed his return he took reasonable efforts to determine the deductibility of these expenses. Petitioner did not, however, present any evidence that he exercised good faith and had reasonable cause for claiming deductions for state and local taxes and unreimbursed employee expenses. Accordingly, the accuracy-related penalty is applicable to the portion of the underpayment attributable to those items.

Contentions we have not addressed are either irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.