T.C. Summary Opinion 2003-158

UNITED STATES TAX COURT

CHERENOR MANSARAY SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2995-02S.                    Filed October 27, 2003.

Cherenor Mansaray Smith, pro se.

<u>John W. Strate</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue.  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined a deficiency of $2,213 in petitioner's

1999 Federal income tax. This Court must decide whether petitioner is entitled to claimed Schedule A deductions.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in San Jose, California, at the time she filed her petition.

Petitioner timely filed her Form 1040, U.S. Individual Income Tax Return, for taxable year 1999. Petitioner itemized her deductions and attached Schedule A, Itemized Deductions, to her tax return. Respondent disallowed claimed Schedule A deductions for medical expenses, taxes, contributions, and miscellaneous expenses.

We first address petitioner's claimed medical expense deduction in the net amount of $15,377, for amounts she paid for her mother's medical care. Petitioner did not claim her mother as a dependent on her tax return. During 1999, petitioner's mother was a citizen and resident of Sierra Leone.

Section 213(a) allows a deduction for unreimbursed medical expenses paid by a taxpayer for medical care for the taxpayer's dependent, as defined in section 152. Section 152(a), in relevant part, includes a taxpayer's mother in the definition of "dependent" if the taxpayer provided more than half of the mother's support during the taxable year. What is critical in this case is section 152(b)(3), which excludes from the definition of dependent "any individual who is not a citizen or

national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States."

During the taxable year in issue, petitioner's mother was neither a citizen or national of the United States, nor a resident of the United States or country contiguous to the United States. Therefore, petitioner's mother is excluded from the definition of "dependent" under section 152(b)(3). Unfortunately for petitioner, she may not deduct the medical expenses she so generously paid on behalf of her mother.

We now turn to the remaining claimed Schedule A deductions for taxes, contributions, and miscellaneous expenses. Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers must maintain sufficient records to establish the amount of claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Section 7491 is inapplicable because petitioner has not complied with the requisite substantiation requirements. Sec. 7491(a)(2)(A).

When a taxpayer fails to keep records, but a court is convinced that deductible expenditures were made, the court

"should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). We cannot estimate deductible expenses, however, unless the taxpayer presents evidence sufficient to provide some basis upon which estimates may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner claimed a deduction in the amount of $1,738.86 for taxes paid during 1999. Respondent conceded the deduction claimed for State tax withheld in the amount of $238.86, as substantiated by petitioner's Forms W-2, Wage and Tax Statement, attached to her 1999 tax return. This amount does not affect petitioner's tax because the standard deduction of $6,350 allowed by respondent is of more benefit to petitioner than claiming this itemized deduction. With regard to the remaining deductions claimed for personal property taxes in the amount of $1,050, and other taxes in the amount of $450, petitioner offered no evidence to substantiate these expenses. Respondent's disallowance of these two deductions is sustained.

Petitioner claimed a charitable deduction in the amount of $2,690, for payments made to "needy people [and] displaced people". These payments were made to individuals and do not qualify as charitable contributions. Sec. 170(a) and (c). Thus, these amounts are nondeductible.

Petitioner also claimed a deduction for miscellaneous expenses in the net amount of $1,297. Petitioner offered no evidence to substantiate these claimed deductions. Respondent's determination is sustained.

While we respect petitioner's generosity toward her mother and others in need, the Schedule A deductions claimed on her 1999 tax return were either unsubstantiated or nondeductible expenses. We have no choice but to sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.