T.C. Summary Opinion 2004-119

UNITED STATES TAX COURT

LYNDA WANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3904-03S.                Filed September 1, 2004.

Lynda Wang, pro se.

<u>Kevin M. Murphy</u> and <u>Anne D. Melzer</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $949 in petitioner's 2000 Federal income tax.

The issue for decision is whether petitioner is entitled to deduct for 2000 an alleged theft loss of $80,950 from 1980.

Petitioner resided in Rochester, New York, at the time she filed her petition.

Petitioner refused to sign a stipulation of facts.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for taxable year 2000. On her return, petitioner claimed $80,950 under "other miscellaneous deductions". Respondent determined that petitioner was not entitled to the claimed deduction.

In her petition, petitioner contended that she is entitled to carry forward losses for 20 years. In her memorandum, petitioner stated that her claimed deduction of $80,950 was due to a theft loss from 1980. Petitioner further stated that in 1980 her landlord, Bobson Realty, through various agents, first stored her belongings for months and subsequently threw them away.

We first address whether petitioner is entitled to a theft loss deduction. Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(c)(3), in relevant part, limits such a deduction for individuals to losses of property not

connected with a trade or business, if such losses arise from theft. Section 165(e) provides that theft losses are treated as sustained during the taxable year in which the taxpayer discovers the loss. The amount of a theft loss the taxpayer may deduct, as limited by section 165(h), is the lesser of the adjusted basis of the property or its fair market value. Sec. 1.165-8(c), Income Tax Regs.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Because petitioner did not meet the substantiation and recordkeeping requirements of section 7491(a)(2), the burden of proof remains on petitioner. Rule 142(a).

In her memorandum, petitioner described her 1980 belongings as:

| | | |
|---|---|---|
| 1. | Clothes - 2 evening dresses at $100/ea. business suits at $80/ea. & others | $400 |
| 2. | Books - 3-4 yrs. graduate study, books with notations, reports, etc. papers for career and CPA exam - 4 yrs. time & efforts | 70,000 |
| 3. | Stamp collection, scholastic records (GRE Tofel, Diplomas), Receipts old coins, etc. | 500 |
| 4. | Other household items | 50 |
| 5. | Pictures of past memories, souvenirs | 10,000 |
| | Total | $80,950.00 |

She further described her belongings in part to be "4 years

Graduate School books, research papers & reports & notes, which are for my career & business". At trial, petitioner claimed that her 1980 belongings included "my ancient collections of ancient coins and stamps and the picture that I took all over the United States, thousands. What else? Also my family memories. That's most important. Once it's missing, I couldn't replace them." Unfortunately, memories are delectable, but memories are not deductible. Loss of sentimental value is not a deductible loss. Ganas v. Commissioner, T.C. Memo. 1990-143, affd. without published opinion 943 F.2d 1317 (11th Cir. 1991).

Petitioner did not prove the value of her 1980 belongings. Petitioner did not prove the theft of these belongings. She did not have a police report. She claimed she brought a legal action against her landlord but failed to prove that fact or any result from any legal action.

Other than bare assertions, petitioner presented no evidence that she sustained a theft loss in 1980. At trial, petitioner's statements regarding the alleged theft were inconsistent. Petitioner presented no evidence to substantiate her entitlement to the alleged 1980 theft loss, which she claimed as a deduction for taxable year 2000.

On this record, we conclude that petitioner is not entitled to a theft loss deduction. Because we so conclude, we need not reach the issue of whether petitioner was entitled to a

carryforward deduction.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.