T.C. Memo. 2007-296

UNITED STATES TAX COURT

EILEEN G. AKERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6746-05.                    Filed October 1, 2007.

Geoffrey A. Akers (specially recognized), for petitioner.

<u>Steven M. Webster</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in income
tax and penalties under section 6662[1] for the taxable years 2000,
2001, and 2002.  Respondent disallowed deductions claimed for

_____

[1]All section references are to the Internal Revenue Code in
effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

miscellaneous business expenses on Schedule A, Itemized Deductions, in all 3 years, and a deduction for a payment to a self-employed plan (SEP) in the year 2000. As explained herein, we shall sustain most of respondent's adjustments and the accuracy-related penalties.

## Background

At the time of filing the petition in this case, petitioner was a resident of Norwich, Connecticut.

Petitioner was married during the years in question, but she and her husband filed separate income tax returns. Petitioner's married filing separate income tax returns were prepared by her husband. Petitioner's Federal income tax returns were audited for 2000 through 2002, and petitioner failed to provide adequate substantiation for certain claimed expenses.

On March 9, 2005, respondent issued a notice of deficiency to petitioner. Respondent determined the following deficiencies and penalties:

| Year | Deficiency | Accuracy-Related Sec. 6662 Penalty |
|------|-----------|-----------------------------------|
| 2000 | $10,624 | $2,124.80 |
| 2001 | 9,718 | 1,943.60 |
| 2002 | 304 | 60.80 |

For the taxable year 2000, petitioner reported and respondent disallowed the following items:

| Item | Deduction | Allowed | Adjustment |
|------|-----------|---------|------------|
| Investment interest | $17,378 | $4,027 | $13,351 |

Sch. A misc.
<u>business expenses</u>:

| | | | |
|------|-----------|---------|------------|
| Computer | 2,196 | -0- | 2,196 |
| Maintenance agreement | -0- | 650 | (100) |
| Uranium 616 exp. | 4,462 | -0- | 4,462 |
| Gold 616 exp. | 5,621 | -0- | 5,621 |
| Union dues | 550 | -0- | -0- |
| Society dues | 557 | 131 | 426 |
| Fees and rentals | 521 | 521 | -0- |
| Pubs; tax advice | 2,102 | -0- | 2,102 |
| Supplies | 261 | 261 | -0- |
| Education | 147 | 147 | -0- |
| Oil and gas | 1,647 | -0- | 1,647 |
| Computer software | 1,146 | -0- | 1,146 |
| Total | 19,210 | 1,710 | 17,500 |
| Amort. Bond prem. | 4,164 | -0- | 4,164 |
| Self-employed SEP | 1,000 | -0- | 1,000 |

For the miscellaneous business expenses reported for 2000, the notice of deficiency mistakenly allowed only $709. Respondent agrees $1,710 is allowable, for a difference of $1,001. Further, respondent agrees that union dues of $500 are deductible in 2000.

For the taxable year 2001, petitioner reported and respondent disallowed the following items:

| Item | Deduction | Allowed | Adjustment |
|------|-----------|---------|------------|
| Investment interest | $46,792 | $3,731 | $43,061 |

Sch. A misc.
business expenses:

| Item | Deduction | Allowed | Adjustment |
|------|-----------|---------|------------|
| Computer | 3,446 | -0- | 3,446 |
| Union dues | 550 | 550 | -0- |
| Worthless securities | 1,926 | -0- | 1,926 |
| Tax books | 1,406 | -0- | 1,406 |
| Society dues | 1,796 | 135 | 1,661 |
| Oil and gas | 1,649 | -0- | 1,649 |
| Supplies | 741 | 741 | -0- |
| Oakville School | 377 | 377 | -0- |
| Depreciation | 641 | -0- | 641 |
| Total | 12,532 | 1,803 | 10,729 |
| Amort. bond prem. | 662 | -0- | 662 |

For the taxable year 2002, petitioner reported and respondent disallowed the following items:

| Item | Deduction | Allowed | Adjustment |
|------|-----------|---------|------------|

Sch. A misc.
business expenses:

| Item | Deduction | Allowed | Adjustment |
|------|-----------|---------|------------|
| Computer | $5,594 | -0- | $5,594 |
| Sec. 616 expense | 2,015 | -0- | 2,015 |
| Union dues | 550 | $550 | -0- |
| Oil and gas | 1,952 | -0- | 1,952 |
| Supplies | 645 | 645 | -0- |
| Legal advice | 1,902 | -0- | 1,902 |
| Prof. Soc. members | 626 | 150 | 476 |
| Involuntary | 2,206 | -0- | 2,206 |
| Advisory fees | 350 | -0- | 350 |
| Total | 15,840 | 1,345 | 14,495 |
| Amort. Bond prem. | 442 | -0- | 442 |

Petitioner reported wage income in each of the years in question from the Norwich public schools in Norwich, Connecticut. She also reported dividend and interest income.

Petitioner timely filed a petition in this Court. A stipulation of facts with accompanying exhibits was received at trial, as well as the testimony of petitioner's husband. Petitioner attempted to introduce additional exhibits with her posttrial brief, but the record having been closed, these documents were not admitted into evidence.

### Discussion

Respondent's determination is presumed correct. Rule 142(a). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Failing to introduce credible evidence to shift the burden of proof under section 7491(a), petitioner bears the burden of proving respondent's determination is incorrect.

Petitioner raises several arguments concerning the procedural history of this case prior to the issuance of the notice of deficiency. These arguments do not relate to the

merits of the tax dispute for the years in question.  Rather, this case concerns the substantiation of claimed deductions and the applicability of the penalty under section 6662.

We first address the $1,000 deduction in 2000 for an alleged payment to an SEP plan.  Respondent finds the documentation for this deduction to be inadequate.  We disagree and find it to be sufficient to sustain the deduction because the exhibit in the record establishes the $1,000 payment.

The largest amounts in dispute in 2000 and 2001 are for investment interest.  The deduction of investment interest is governed by section 163.  Petitioner deducted $17,358 and $46,792, respectively.  Respondent allowed $4,007 and $3,731, respectively.  Section 163(d)(1) limits the investment interest deduction to the net investment income for the year, which would come into play for 2001.  Nevertheless, the records submitted by the petitioner are redacted, spliced together, and recopied.  Some of the records do not even relate to accounts owned by the petitioner.  We find the evidence offered by petitioner to be inadequate to substantiate any investment interest in excess of that allowed by respondent.

In each of the years in dispute, petitioner claimed a miscellaneous business expense deduction under the words "Computer".  Respondent allowed $650 for a computer maintenance agreement in 2000, which was not claimed on the return.  The

substantiation submitted for the amounts claimed on the return is for a computer purchased in 1997. Based upon the testimony of petitioner's husband, this computer was fully depreciated for tax purposes prior to 2000. Accordingly, the miscellaneous business expense deductions for "Computer" are disallowed.

In 2001, petitioner claimed a deduction of $1,926 for worthless securities. In 2000, petitioner claimed deductions of $4,462 and $5,621 for "Uranium 616 expense" and "Gold 616 expense", respectively. In 2000 and 2001, petitioner claimed deductions of $1,647 and $1,649, respectively, under the caption "Oil and gas". The information submitted by petitioner relative to these items are the copies of checks dated in 1983 and 1984. We found petitioner's husband's explanation of these deductions to be unconvincing, and these deductions are disallowed.

The other miscellaneous business expenses disallowed by respondent were not adequately substantiated by petitioner, and respondent's adjustments are sustained.

The remaining issue is the penalty under section 6662. Section 6662(a) provides a penalty equal to 20 percent on the portion of the underpayment of tax attributable to a substantial understatement of income tax or to negligence. A substantial understatement of income tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A). For

2000 and 2001, the deficiencies exceed $5,000.  For 2002, respondent asserts that the underpayment of tax is attributable to negligence, because petitioner failed to maintain adequate books and records to substantiate the deductions claimed.  There is no question in this case that the records were inadequate. Petitioner relied upon her husband to prepare her returns and keep her records.  Unfortunately, his efforts in this regard were inadequate, and there is insufficient evidence of reasonable cause for petitioner's failure to maintain proper records. Accordingly, we find the penalty under section 6662(a) is applicable to the deficiencies for the years in question.

To reflect the foregoing and concessions by respondent,

Decision will be entered under Rule 155.