T.C. Memo. 2008-68

UNITED STATES TAX COURT

JASBINDER SINGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21311-06.                    Filed March 18, 2008.

Jasbinder Singh, pro se.

<u>Margaret Burow</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $22,144 and a penalty under
section 6662(a) of $4,428 for 2004.[1]

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended.  Rule references are to the
Tax Court Rules of Practice and Procedure.  Amounts are rounded
                                              (continued...)

After concessions,[2] the issue for decision is whether petitioner is entitled to deduct on Schedule C, Profit or Loss From Business, certain expenses in excess of those respondent conceded.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the exhibits attached thereto, and the stipulation of settled issues are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Modesto, California.

During 2004, petitioner owned his own commercial truck and was self-employed as a truck driver. Petitioner used his truck to transport cargo throughout the San Francisco Bay area for one client, GSC Logistics. While not making deliveries, petitioner parked his truck at a yard owned by GSC Logistics. He traveled between his residence and the yard using his Ford Mustang. On his 2004 Form 1040, U.S. Individual Income Tax Return, petitioner claimed $82,428 of Schedule C expenses with respect to his truck driving. On July 19, 2006, respondent issued petitioner a notice of deficiency, disallowing $71,723 of those expenses.

---

[1](...continued)
to the nearest dollar.

[2]Respondent conceded that petitioner is entitled to $42,648 of Schedule C expenses. Respondent further conceded that petitioner is not liable for a sec. 6662(a) penalty.

OPINION

On the basis of documentation petitioner provided, respondent conceded that petitioner is entitled to many of the disallowed Schedule C expenses. Petitioner contends that he is entitled to additional expense deductions for fuel and expenses related to his car, which he used to travel from his home to his workplace, the yard where his truck was parked.

Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business". Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers bear the burden of substantiating any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to maintain adequate records sufficient to enable the Commissioner to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

At trial, petitioner did not provide the Court any evidence showing his entitlement to the Schedule C expense deductions that remain at issue. Furthermore, petitioner may not deduct the expenses incurred in traveling between his home and his workplace. It is well established that expenses incurred by a

taxpayer in commuting between his home and his place of business are personal and nondeductible.  Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Curphey v. Commissioner, 73 T.C. 766, 777 (1980).  Accordingly, the Court will sustain all of the determinations in the notice of deficiency except for those conceded by respondent.

To reflect the foregoing,

Decision will be entered

under Rule 155.