T.C. Memo. 2014-199

UNITED STATES TAX COURT

BINH NGUYEN AND NHAT K. NGUYEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26033-12.                    Filed September 30, 2014.

Jan R. Pierce, for petitioner.

Nhi T. Luu, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:[1]  Respondent determined income tax deficiencies of

$5,587 and $2,039 for petitioners' 2009 and 2010 tax years, respectively.

_____

[1]The trial in this case, on June 9, 2014, was before Judge Diane Kroupa and with the agreement of the parties the case was reassigned to Senior Judge Joel Gerber for the purpose of rendering an opinion.

**[*2]** Respondent also determined accuracy-related penalties of $1,117.40 and $407.80 under section 6662(a)[2] for 2009 and 2010, respectively. After concessions,[3] the issues remaining for us to consider are: (1) whether petitioners are entitled to an amount for cost of goods sold in excess of the amount respondent allowed for 2009, (2) whether petitioners are entitled to deduct an amount for supplies in excess of the amount respondent allowed for 2010, and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalty for 2009 and/or 2010.

## FINDINGS OF FACT[4]

Petitioners resided in Oregon when their petition was filed. Petitioners were married during 2009 and 2010 and filed joint Federal income tax returns. Petitioners each operated a sole proprietorship, and Schedules C, Profit or Loss From Business, were attached to their returns for each business. The cost of goods

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Petitioners concede that they are not entitled to the portions of the depreciation deductions attributable to land that they claimed on Schedules E, Supplemental Income and Loss, for the years in issue.

[4]The parties' Stipulation of Facts and the exhibits are incorporated by this reference.

**[*3]** sold and deductions in question relate to Mr. Nguyen's hardwood floor installation business.

Mr. Nguyen moved to the United States in 1992 after completion of the ninth grade in Vietnam, and he began his business in 1997. Mr. Nguyen has limited proficiency in English, but he is able to negotiate the terms of flooring jobs with his customers. While he cannot read English, Mr. Nguyen does enter into brief written contracts with his customers.

Mr. Nguyen did not maintain an inventory of flooring materials during the years at issue. He generally purchased the flooring that would be installed for each job, but in some instances he would install flooring purchased by the customer. In addition to flooring, Mr. Nguyen purchased supplies in connection with his business, such as wood, paper, glue, and nails. He purchased these supplies using debit card, checks, and cash.

Mr. Nguyen kept his 2009 business bank statements in the drawer of the desk in his family room. He kept receipts for the 2009 business expenses in a bag in a hallway in the basement. Sometime in September or October 2009 the water heater in petitioners' home caused a flood, and some of the business receipts were destroyed.

**[*4]** John E. Wynn of Payroll Professionals LTC prepared petitioners' 2009 return. Petitioners provided Mr. Wynn with the 2009 bank statements and surviving receipts so that he could prepare the return. Mr. Wynn prepared petitioners' 2009 return during a single meeting that lasted approximately one hour. The cost of goods sold claimed on Mr. Nguyen's 2009 Schedule C was $43,503. During the initial examination, respondent determined that petitioners substantiated $17,981 of the amount claimed. After review of additional documents petitioners provided, including bank statements, receipts, and invoices, respondent determined that petitioners had substantiated an additional $114.66 for cost of goods sold.

Mr. Wynn also reported $5,675 for supplies on Mr. Nguyen's 2009 Schedule C. Mr. Wynn did not explain to petitioners the difference between items reported as cost of goods sold and those reported as supplies. Although Mr. Nguyen was unsure of what made up the deduction for supplies, respondent allowed the amount claimed.

Mr. Wynn did not return all of petitioners' documents after the preparation of their return. Petitioners subpoenaed Mr. Wynn to appear at trial,[5] but he did not

---

[5]Petitioners' son sent the subpoena to Payroll Professionals LTC via facsimile and slid a copy under the office's door.

**[*5]** appear; and there is nothing in the record establishing his credentials or experience.

At the end of 2009 petitioners moved into a new home where Mr. Nguyen continued to keep his 2010 bank statements in his desk drawer. He also kept the 2010 business expense receipts in a bag.

Petitioners' 2010 return was prepared by Henrietta Browning of Tax Solutions Center, LLC, using the information on the 2009 return as a guide. No other documents or records were provided to Ms. Browning. The Schedule C for Mr. Nguyen's business for 2010 claimed a $39,894 deduction for supplies. During the initial examination, respondent determined that petitioners substantiated $24,490 of the amount claimed. After review of additional documents petitioners provided, including bank statements, receipts, and invoices, respondent determined that petitioners had substantiated $178.26 more. Ms. Browning was not called to testify at the trial.

OPINION

Respondent allowed only portions of the deductions claimed on petitioners' returns. We must decide whether petitioners have shown entitlement to deductions in excess of those respondent allowed. We must also decide whether petitioners are liable for the accuracy-related penalty.

**[\*6]** Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers are required to maintain records sufficient to allow the Commissioner to determine their correct tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of each item for which they claim a deduction. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).[6]

Petitioners claimed a $43,503 reduction from gross income for the cost of goods sold on Mr. Nguyen's Schedule C attached to the 2009 return. Petitioners experienced a flood in 2009 in the basement of their home where the receipts for Mr. Nguyen's business were stored. While the flood destroyed some of the business' receipts, Mr. Nguyen testified that the 2009 return was prepared using bank statements and the receipts that were not destroyed.

On the basis of his initial examination, respondent determined that $17,981 of the cost of goods sold had been substantiated. Petitioners provided bank statements, receipts, and invoices to respondent, and, upon further review,

---

[6]No question was raised by either party regarding shifting of the burden of proof or going forward with the evidence. Thus, the burden of proof remains on petitioners. See sec. 7491(a).

**[\*7]** respondent determined that an additional $114.66 of the cost of goods sold had been substantiated. The only documentary evidence petitioners offered into the record for 2009 was incomplete bank statements. Further, Mr. Nguyen failed to provide any testimony regarding specific expenditures related to flooring jobs for which deductions should be allowed but were denied by respondent.

Petitioners have not offered evidence that would allow us to decide that they are entitled to cost of goods sold in excess of the amount respondent determined was substantiated. Accordingly, we hold that petitioners are not entitled to claim cost of goods sold for 2009 in excess of the amount determined or agreed to by respondent.

Petitioners reported $39,894 for supplies on the 2010 return. Mr. Nguyen testified that the 2010 return was prepared using only the 2009 return as a guide. The only evidence offered for 2010 was bank statements. Again, Mr. Nguyen did not provide any testimony regarding expenses for supplies related to flooring jobs that were paid but for which respondent disallowed deductions. Nor did he provide any testimony indicating that he paid expenses related to supplies in excess of the amount respondent has determined is allowable as a deduction. Accordingly, we hold that petitioners are entitled to a deduction for supplies equal to the amount respondent determined was substantiated for 2010.

**[*8]** Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20% on the portion of an underpayment attributable to negligence or a substantial understatement of income tax. Negligence includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

With respect to the accuracy-related penalty, the Commissioner bears the burden of production. Sec. 7491(c). This requires the Commissioner to "come forward with sufficient evidence indicating that it is appropriate to impose" the accuracy-related penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner provides sufficient information to satisfy his burden of production, the burden shifts to the taxpayer to show that the penalty should not be applied. Id. at 447; see Rule 142. Petitioners have failed to provide adequate records to substantiate fully the amounts claimed for cost of goods sold in 2009[7]

---

[7]Petitioners experienced a flood in their home in 2009; however, Mr. Nguyen testified that the 2009 return was prepared using his complete bank statements and receipts that survived the flood. He also testified that he purchased supplies for his business using cash, checks, and debit card. Those expenses paid using a debit card or checks would be reflected on the bank statements. Withdrawals of cash from Mr. Nguyen's business bank account used to purchase materials and supplies would be reflected on the statements. The only expenses that would not have a connection to the 2009 bank statements would be cash expenditures for supplies not derived from the business or received from customers but not deposited in the business account. Consequently, the flood

(continued...)

[*9] and supplies in 2010.  By showing that petitioners lack adequate records to substantiate fully the amounts claimed, respondent has met his burden of production.  See sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the section 6662 penalty if the taxpayer can establish that there was reasonable cause for the underpayment and that the taxpayer acted in good faith.  Sec. 1.6664-4(a), Income Tax Regs.  Whether a taxpayer acted with reasonable cause and in good faith is determined in each case by taking into account all relevant facts and circumstances.  Reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith, but it can in certain situations.  Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs.  In determining whether a taxpayer reasonably relied in good faith on the advice of a professional tax adviser, the taxpayer's education, sophistication, and business experience will be taken into consideration.  Sec. 1.6664-4(c)(1), Income Tax Regs.  Further, in order for reliance on a professional tax adviser to excuse the taxpayer from the section 6662 penalty, the taxpayer must prove:  (1) the adviser was a competent

---

[7](...continued)
cannot serve as a reason petitioners are unable to provide substantiation for all of the amounts claimed as cost of goods sold for 2009.

**[*10]** professional with sufficient expertise to justify reliance; (2) the taxpayer provided the adviser necessary and accurate information; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98-99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Mr. Nguyen came to the United States in 1992 after completion of the ninth grade in Vietnam. Although his English skills are limited, Mr. Nguyen has successfully operated his business since 1997. He provided Mr. Wynn complete bank statements and receipts that survived the flood to prepare petitioners' 2009 return. Mr. Nguyen relied on Mr. Wynn's judgment to determine which amounts were deductible for his business and testified that he trusted Mr. Wynn. Nevertheless, Mr. Wynn did not appear at trial, and no evidence was introduced to establish Mr. Wynn's credibility or experience preparing Federal income tax returns. Consequently, petitioners have not shown that they acted in good faith and that there was reasonable cause for the underpayment. We hold that petitioners are liable for a section 6662(a) penalty for 2009.

At trial petitioners presented no evidence to show they acted in good faith and that the underpayment for 2010 was due to reasonable cause. We accordingly

**[*11]** hold that petitioners are also liable for the section 6662(a) accuracy-related penalty for 2010.

To reflect concessions of the parties and the additional amounts respondent determined were substantiated after the notice of deficiency was issued,

<u>Decision will be entered under</u>

<u>Rule 155</u>.