# United States Tax Court

T.C. Summary Opinion 2024-8

OLEG KOLOMIYETS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 5792-23S.                               Filed June 6, 2024.

————

Oleg Kolomiyets, pro se.

*Alexandros A. Karamalakos* and *Jamie A. Schindler*, for respondent.

SUMMARY OPINION

FRIED, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated April 4, 2023, respondent determined a deficiency in petitioner's 2020 federal income tax and a section 6662(a) accuracy-related penalty. The issues for decision are whether petitioner is (1) entitled to certain deductions claimed on a Schedule C, Profit or Loss From Business, filed with his 2020 federal

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

income tax return and (2) liable for an accuracy-related penalty under section 6662(a).

*Background*

Some of the facts have been stipulated and are so found. When the Petition was filed, petitioner lived in Florida.

During 2020 petitioner was employed by American Financing Corp. (American Financing) as a loan processor, working on a commission basis. Petitioner was a full-time employee who worked approximately 40 hours per week. Because of the COVID-19 pandemic, American Financing required petitioner to telework during the year in issue.

Also during 2020 petitioner was the sole proprietor of Millhouse Advisors (Millhouse). There is no evidence in the record as to the nature and extent of the services Millhouse provided, other than what may be inferred from the Schedule C included with petitioner's 2020 federal income tax return identifying Millhouse's principal business as "REAL ESTATE ADVISING."

Petitioner did not maintain separate books of account for Millhouse, nor did he maintain a bank account in the name of the business. Petitioner maintained a personal checking account with USAA Federal Savings Bank (USAA) and two credit card accounts with USAA.

Petitioner prepared his 2020 federal income tax return, reporting wages of $156,780 from his employment with American Financing. Income and deductions attributable to Millhouse were reported on a Schedule C included with his 2020 return. The Schedule C for Millhouse showed gross receipts of $5,250 and expenses of $117,475, resulting in a loss of $112,225, which was taken into account in the computation of the adjusted gross income reported on that return. The deductions claimed on the 2020 Schedule C include, as relevant (1) $8,625 for car and truck expenses, (2) $78,892 for legal and professional services, and (3) $14,141 for "Other" expenses.

In the notice respondent disallowed the above-referenced deductions because, according to the notice, petitioner "did not establish that the business expense shown on [his] tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to [petitioner's] business." Respondent also imposed a section 6662(a) accuracy-related penalty on several grounds, including

"[n]egligence or disregard of rules or regulations" and "substantial understatement of income tax." § 6662(b)(1) and (2). Some of the adjustments made in the notice are computational and will not be discussed.

*Discussion*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioner does not contend, and the record does not establish, that the burden of proof should shift to respondent under section 7491(a)(1).

I.    *Schedule C Deductions*

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a).

Deductions for expenses attributable to travel and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation. *See* § 274(d); Temp. Treas. Reg. § 1.274-5T(b)(6).

4

A taxpayer must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. § 274(d).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3).

In support of the disallowed deductions, petitioner provided bank and credit card account statements. According to petitioner, he is entitled to a deduction for one-half of the expenditures shown on the bank and credit card account statements. However, petitioner did not connect the expenditures shown on the bank and credit card statements to deductions for business expenses claimed on his return. Moreover, petitioner failed to explain how the items purchased related to, let alone were ordinary and necessary business expenses of, Millhouse or any other trade or business. Finally, petitioner presented no evidence that would satisfy the section 274(d) substantiation requirements for expenses related to car and truck expenses. It follows that petitioner is not entitled to deduct these expenses.

II.    *Section 6662(a) Accuracy-Related Penalty*

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty for 2020. Section 6662(a) imposes a 20% accuracy-related penalty on the portion of "an underpayment of tax required to be shown on a return" if, among other reasons, the underpayment is due to a substantial understatement of income tax. *See* § 6662(b)(2), (d).

Respondent bears the burden of production with respect to the imposition of a section 6662(a) accuracy-related penalty. *See* § 7491(c). In this case the underpayment of tax, as defined in section 6664(a), is equal to and computed in the same manner as the deficiency, *see* § 6211,

and that amount is a substantial understatement of income tax because it exceeds the greater of $5,000 or 10% of the amount of tax required to have been shown on petitioner's 2020 return, *see* § 6662(d)(1)(A). The stipulated exhibits also show that respondent's agent obtained the required supervisory approval under section 6751(b). It follows that respondent's burden of production has been met.

The section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment as to which there was reasonable cause and the taxpayer acted in good faith, § 6664(c)(1); Treas. Reg. § 1.6664-4(b)(1), but the burden of proof rests with the taxpayer to show that the penalty does not apply, *see Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).

Petitioner failed to substantiate the Schedule C deductions in dispute or provide any explanation as to how the expenditures reflected on his bank and credit card statements relate to Millhouse or any other trade or business. Petitioner has failed to show that he had reasonable cause and acted in good faith with respect to the underpayment of tax. Accordingly, respondent's imposition of a section 6662(a) accuracy-related penalty is sustained.

To reflect the foregoing,

*Decision will be entered for respondent.*