T.C. Summary Opinion 2008-8


UNITED STATES TAX COURT


PETER SHOWLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19480-04S.          Filed January 29, 2008.


Peter Showler, pro se.

<u>Kris H. An</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be cited as precedent for any other case.

Respondent determined a $15,841 deficiency in petitioner's 2002 Federal income tax. The issue for decision is whether petitioner is entitled to certain deductions claimed on a Schedule C, Profit or Loss From Business, included with his 2002 Federal income tax return.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

During the year in issue petitioner sold securities and/or financial products as an independent contractor for National Planning Corp. (NPC). His compensation for doing so was paid in the form of commissions that were directly deposited into one or another of two "regular personal" checking accounts maintained at China Trust, U.S.A. (Trust). One of those accounts was petitioner's individual account; the other was a joint account that petitioner maintained with three business associates.

Petitioner and those three business associates each owned 25 percent of the stock of Wise Steward Corp. (Wise), a California corporation that offered financial planning services

to its customers.  Wise conducted business through its employees, one of whom was petitioner, and independent contractors.  Wise maintained a "business checking" account at Trust.

During 2002, NPC paid commissions totaling $75,929 to petitioner and issued a Form 1099-MISC, Miscellaneous Income, to petitioner evidencing those payments.  As an NPC sales representative, petitioner had two "rep codes", one that tracked the payment of "regular" commissions and the other that tracked "override" commissions.  The difference, if any, between the two types of commission payments has not been made entirely clear. Of the total commissions paid to petitioner by NPC during 2002, regular commissions totaling $45,862 were directly deposited into petitioner's individual checking account at Trust, and override commissions totaling $30,067 were directly deposited in the joint checking account that petitioner maintained at Trust with the other shareholders of Wise.  Except for five direct deposits that total $1,714, the funds directly deposited as override commissions into the joint checking account were, within days of each direct deposit, electronically transferred to Wise's business checking account at Trust.

The services that petitioner performed for Wise as one of its employees are not entirely clear, but the services appear to overlap to some extent with the services he performed for NPC.

In any event, Wise paid petitioner a salary or wages totaling $24,916 during 2002.

From time to time throughout the year petitioner entertained and/or provided gifts to his clients, clients and independent contractors of Wise, and other independent contractors of NPC.

As relevant here, the income reported on petitioner's timely filed 2002 Federal income tax return includes the wages he received from Wise and $14,515 of "business income", the computation of which is detailed on a Schedule C included with that return.

The Schedule C identifies petitioner's principal business as "investment manager & sale" and shows the accounting method for the business as "cash". The $75,929 in commissions received from NPC is reported as gross income, and as relevant here, the following deductions are claimed: (1) "Commissions and fees"-- $30,067; (2) "travel, meals, and entertainment"--$7,217; (3) "donations to non-profit"--$2,750; (4) "bonuses"--$1,500; (5) "gifts"--$3,690; and (6) "memberships"--$410.

The amount of the deduction for commissions and fees equals the amount of "override" commissions that petitioner received from NPC that were first directly deposited into petitioner's joint checking account but then, and with the exceptions noted

above, were electronically transferred to Wise's business checking account.

All of the above-referenced deductions were disallowed in the notice of deficiency. According to an explanation included in the notice of deficiency, the deduction for commissions and fees was disallowed because "no deduction is allowed for any compensation that is unreasonable or excessive". The explanation for the disallowance of that deduction went on to note that petitioner had failed to "establish that the amount shown was (a) compensation, and (b) paid". Various reasons are given in the notice of deficiency for the disallowances of the other deductions listed above, including petitioner's failure to substantiate the payments of the underlying expenses.

## Discussion

In general, a taxpayer is entitled to a deduction for all ordinary and necessary expenses paid or incurred in carrying on any trade or business. Sec. 162(a). Depending upon the nature of the business, the disallowed deductions here in dispute fall into categories of expenses generally recognized as deductible under section 162(a).

The nature of and the manner in which petitioner conducted his business, as either an employee of Wise or an independent contractor of NPC, have been described only in general terms, and many details are unknown. At trial petitioner attempted to

distinguish among his clients, NPC's clients, and Wise's clients, but his attempts, for the most part, were lost on the Court. This lack of detail, exacerbated by a lack of precision, does little to demonstrate how many of the disallowed deductions relate to petitioner's trade or business. Furthermore, complications between the parties that arose in the pretrial stipulation process, see Rule 91, resulted in a hodgepodge of exhibits, some of which duplicate others in content if not format, many of which are illegible or incomplete, and many of which, although it might come as a surprise to the parties, are hardly self-explanatory.

As we have noted in countless cases, deductions must be substantiated by adequate records. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Not only does the taxpayer bear the burden to substantiate any deduction claimed, but in proceedings such as this one, the taxpayer has the burden to present the substantiating records in an organized manner that clearly demonstrates the relationship of the record to the disputed deduction.

1. Deductions for Expenses Other Than for Commissions and Fees

The documents that petitioner produced to substantiate the deductions claimed for expenses other than for commissions and fees consist of: (1) Copies of receipts from various restaurants

for meals paid for by credit card or cash; (2) copies of receipts from various retail stores or supermarkets for food, beverages, and other household items; (3) copies of receipts from golf courses; (4) copies of receipts from cigar stores and other gift shops; (5) copies of checking account statements showing payment for items by debit card; (6) copies of canceled checks; and (7) spreadsheets which appear to list some of the items reflected in the first six categories of documents.

We begin by noting that the totals shown on the spreadsheets for various categories of expenses do not match the deductions claimed for those expenses on petitioner's return. Furthermore, nothing has been submitted that ties the disallowed deductions to specific copies of receipts, checks, or other documents that have been admitted into evidence.

Careful review of the restaurant receipts demonstrates many duplications. The following two examples of such duplications are representative of many others: (1) The February 15, 2002, dinner at Saddle Peak Lodge in Calabasas, California, shown on one receipt for $159.13 that details the items consumed is duplicated by a receipt for $183.13 that summarizes the amount of the dinner check, plus tip; and (2) a dinner receipt dated February 22, 2002, from Café Bellissimo, in Woodland Hills, California, showing items totaling $49.20 consumed by two individuals, marked "client meeting--Faupel", is duplicated on a

receipt that shows the cost of the dinner, plus tip (total $59.20), marked "client meeting--Brennan".[2]

There are other unexplained irregularities in the documents that petitioner produced to support the disallowed deductions. One receipt for a purchase of an item from Liberty Leather in Torrence, California, is dated in 2001 and signed by someone other than petitioner. Supermarket receipts marked as "training" expenses for Wise employees include expenditures for items the deduction of which would, without explanation, seem to be prohibited by section 262(a).[3] We could go on and on but see little point in doing so. The many duplications and other irregularities in the records that petitioner produced to support the deductions claimed for expenses other than for commissions and fees lead us to conclude that the records are unreliable. Because petitioner has otherwise failed to substantiate the deductions for those expenses, respondent's disallowances of those deductions are sustained.

2. <u>Deduction for Commission and Fees Expenses</u>

Trust checking account statements demonstrate that $28,353 ($30,067 minus $1,714) of the $30,067 "override" commissions was transferred from petitioner's joint checking account to Wise's

---

[2] This pattern is repeated numerous times in the exhibits.

[3] Sec. 262(a) provides in part that "no deduction shall be allowed for personal, living, or family expenses."

business account. Consequently, petitioner has substantiated the payment of that expense to that extent. Although the record is not as complete as we would like concerning exactly to what the expense relates, it is clear that it is some form of compensation; and contrary to the explanation given in the notice of deficiency for the disallowance of the deduction, nothing in the record suggests that the compensation was not reasonable. See sec. 162(a)(1). It follows that the reasons given in the notice of deficiency (unreasonable compensation and lack of substantiation) for the disallowance of the deduction have been overcome by the evidence, or lack thereof, presented.

Although it is not a ground listed in the notice of deficiency, respondent also argues that petitioner is not entitled to the deduction because the payments of the underlying expenses in some manner or another violated various provisions of the Securities Exchange Act of 1934 (the 1934 Act), ch. 404, 48 Stat. 881 (current version at 15 U.S.C. secs. 78a-78lll (2000)). According to respondent, the expense to which the deduction relates is a nondeductible "illegal" payment within the meaning of section 162(c)(2). Respondent bears the burden of establishing by clear and convincing evidence that the expenses to which the commission deduction relates constitute illegal payments. Secs. 162(c)(2), 7454(a); Rule 142(b).

In support of his burden, respondent relies upon an opinion letter from the Securities and Exchange Commission (SEC) issued in response to a "No-Action Request" made on behalf of an individual and an organization involved in the sale of securities. According to the opinion letter, the "facts and circumstances" presented, which might or might not be similar to petitioner's, could result in an SEC enforcement action for violation of the 1934 Act. We cannot help but wonder whether the circumstances described in the opinion letter are, in fact, so similar to petitioner's that the conclusion reached in the letter has application to petitioner's situation. Even if applicable, the conclusion is hardly determinative of whether payment of the commission expense should be treated as an illegal payment within the meaning of section 162(c), and the opinion letter, in and of itself, hardly satisfies respondent's burden on the point.

Respondent's disallowance of the commissions expense deduction claimed on the Schedule C is rejected. Petitioner is entitled to a deduction for commission expenses to the extent the payment of those commissions has been substantiated.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.