T.C. Summary Opinion 2009-157


UNITED STATES TAX COURT


DONALD EUGENE DENESELYA AND SOLBORG JENFRID DENESELYA,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18700-08S.            Filed October 13, 2009.


Donald Eugene Deneselya and Solborg Jenfrid Deneselya, pro sese.

<u>Bradley C. Plovan</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2003 respondent determined a deficiency of $4,564 in petitioners' Federal income tax. The sole issue for decision is whether petitioners are entitled to deduct car and truck expenses claimed on Schedule C, Profit or Loss From Business.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time petitioners filed their petition, they resided in Maryland.

In April 2007 petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for 2003. On Schedule C petitioners reported gross income of $5,250, expenses of $29,872,[1] and a net loss of $24,872[2] from Mr. Deneselya's (petitioner) "Real Estate appraisal/Consulting, News consulting" business (appraisal business). Petitioner's appraisal business expenses include: (1) Car and truck expenses of $16,272; (2) business property expenses of $9,000; (3) utility expenses of $2,300; and (4) office expenses of $2,300. On May 1, 2008,

_____

[1]These expenses exclude petitioners' claimed $5,000 home office deduction. See sec. 280A(c)(5).

[2]Petitioners incorrectly calculated their losses as $24,872. When calculated correctly, their total losses are $24,622.

respondent issued petitioners a notice of deficiency disallowing $16,272 of car and truck expenses for lack of substantiation.

Petitioner began working for Kevin McHugh (Mr. McHugh) in 2002 as an appraiser,[3] and he continued through March 27, 2003. As an appraiser for Mr. McHugh, petitioner would drive from his home in Bowie, Maryland, to Severn, Maryland, to pick up his order sheets from Mr. McHugh. He would then drive to various locations on the Eastern Shore[4] where he performed his appraisal work.

In late March 2003 petitioner moved to the District of Columbia (D.C.) because of Mr. McHugh's untimely death. Because he was properly licensed as an appraiser in D.C., he worked in D.C. for the remainder of 2003.

Respondent contends petitioner is not entitled to a deduction of $16,272 in car and truck expenses because he failed to substantiate the total business miles driven in 2003.

Discussion

I. <u>Burden of Proof</u>

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule

---

[3]Petitioner's appraiser's license had been suspended by the State of Maryland; however, his work for Mr. McHugh required him to inspect and appraise homes.

[4]Petitioner testified that he performed appraisals on the Eastern Shore, citing Rehoboth Beach as the main job site.

142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner. Petitioner has not alleged that section 7491 is applicable, nor has he established compliance with the requirements of section 7491(a)(2)(A). Therefore, the burden of proof does not shift to respondent.

## II. Schedule C Expenses

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

With respect to certain business expenses subject to section 274(d), more stringent substantiation requirements apply than with respect to other ordinary and necessary business expenses. Section 274(d) imposes stringent substantiation requirements for claimed deductions relating to the use of "listed property", which is defined under section 280F(d)(4)(A) to include passenger automobiles. Under this provision, any deduction claimed with respect to the use of a passenger automobile will be disallowed unless the taxpayer substantiates specified elements of the use

by adequate records or by sufficient evidence corroborating the taxpayer's own statement. See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

To meet the adequate records requirements of section 274(d), a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of an expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

The elements that must be substantiated to deduct expenses for the business use of an automobile are: (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Although petitioner alleged he maintained "plenty of written documents", he did not submit any documents or other evidence,

except for his testimony, to substantiate his claimed deduction for car and truck expenses, nor did he supplement the record following trial.[5]  Because petitioner failed to present sufficient evidence to satisfy the strict substantiation requirements pursuant to section 274(d), he is not entitled to deduct car and truck expenses, and the Court upholds respondent's determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

_____

[5]At trial petitioner inquired as to whether he could submit additional documents following trial.  The Court advised him that upon agreement by respondent and a motion to reopen the record, he could submit additional documents before the release of this opinion.