T.C. Memo. 2013-31

UNITED STATES TAX COURT

SAMUEL I. OLEKANMA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15337-08.                    Filed January 30, 2013.

Samuel I. Olekanma, pro se.

<u>William John Gregg</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  In a notice of deficiency dated April 18,

2008 (notice), respondent determined a $6,390 deficiency in petitioner's 2005

[*2] Federal income tax and imposed a $1,278 section 6662(a)[1] accuracy-related penalty.  The issues for decision are:  (1) whether petitioner understated gross receipts on two Schedules C, Profit or Loss From Business, included with his 2005 Federal income tax return (return); (2) whether petitioner is entitled to certain trade or business expense deductions in excess of amounts allowed by respondent; and (3) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

Background

At the time the petition was filed, petitioner resided in Maryland.

Petitioner's return was prepared by a paid Federal income tax return preparer. The return includes two Schedules C, one for Sankara Motors (Sankara) and the other for Samez Group Investments Corp. (Samez).  Both businesses involve the sale of used automobiles.[2]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The business form of Samez is unclear.  Petitioner's return suggests that Samez is a sole proprietorship.  Up until trial, nothing submitted by either party suggested otherwise.  In an interrogatory propounded upon petitioner by respondent, petitioner was asked to explain the differences between Sankara and Samez. Apparently, petitioner failed to respond to the interrogatory.  At trial petitioner took the position that Samez is a corporation, and therefore the income and deductions of Samez should not have been reported on a Schedule C.  Given the timing of petitioner's claim, we will not consider it.  We proceed as though Samez is properly
(continued...)

**[*3]** The Sankara Schedule C shows the following income and deductions:

|  | 2005 |
|---|---|
| Income: | |
| Gross receipts | $42,000 |
| Cost of goods sold | 5,000 |
| Gross income | 37,000 |
| Expenses: | |
| Car and truck | 12,950 |
| Legal and professional services | 102 |
| Rent or lease of other business property | 18,000 |
| Other[1] | 5,882 |
| Total | 36,934 |
| Net profit | 66 |

[1]This deduction includes: (1) $2,080 for auction fees, (2) $52 for tags, and (3) $3,750 for towing.

The Samez Schedule C shows the following income and deductions:

|  | 2005 |
|---|---|
| Income: | |
| Gross receipts | $54,000 |
| Cost of goods sold | -0- |
| Gross income | 54,000 |

[2](...continued)
treated as a sole proprietorship.

**[*4]**    Expenses:

| | |
|---|---:|
| Car and truck | 12,991 |
| Depreciation and section 179 | 720 |
| Legal and professional services | 5,102 |
| Office | 1,700 |
| Rent or lease of other business property | 18,000 |
| Repairs and maintenance | 8,530 |
| Supplies | 400 |
| Travel | 850 |
| Deductible meals and entertainment | 50 |
| Other[1] | 5,500 |
| Total | 53,843 |
| | |
| Net profit | 157 |

[1]This deduction includes:  (1) $700 for license fees, and (2) $4,800 for towing.

Petitioner did not maintain separate books of account with respect to either business.  He did, however, maintain a separate checking account for each, and apparently he retained various receipts for certain business-related expenditures.[3] Petitioner did not keep any sort of contemporaneous log or journal in which he recorded vehicle or travel expenses.

It would appear that petitioner was less than cooperative with respondent's revenue agent during the examination of the return.  He refused to provide the agent with his bank records, and those records were obtained through the use of an

---

[3]No receipts showing an expenditure that relates to any of the deductions here in dispute are in evidence.

**[\*5]** administrative summons. Those records show deposits into the Sankara and

Samez accounts that total $91,649 and $15,450, respectively, in 2005. Comparing

the items shown on the return with the information shown in the summoned bank

records, the revenue agent, using what is commonly referred to as the bank

deposits indirect method of income determination,[4] concluded that petitioner had

understated the gross receipts and the cost of goods sold reported on the Schedules

C. The revenue agent also concluded that petitioner was not entitled to some or

some portions of the deductions claimed on the Schedules C.

The revenue agent's conclusions are reflected in the adjustments made in

the notice. The adjustments for "Gross Receipts or Sales" and "Cost of Goods

Sold" result from the bank deposits analysis (omitted income adjustments).[5] Many

of the adjustments made in the notice relate to deductions claimed on the

Schedules C. According to the notice, some or all of the deductions claimed on

---

[4]The bank deposits method is one of the indirect methods of income
determination relied upon by the Commissioner if a taxpayer fails to keep books and
records, or a taxpayer's records do not clearly reflect the taxpayer's income. See
sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989). "The use of the
bank deposits method for computing income has long been sanctioned by the
courts." Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), aff'd, 566
F.2d 2 (6th Cir. 1977).

[5]Actually, the net effect of these adjustments is a reduction in petitioner's
gross income, a point apparently lost on petitioner.

[*6] the Schedules C were disallowed because petitioner "has not * * * established that the deduction[s] * * * [were] incurred, paid, or expended for the designated purpose." Other adjustment made in the notice are computational and will not be discussed. Except for the computational adjustments, all of the adjustments made in the notice, including the imposition of a section 6662(a) penalty, are in dispute.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).[6]

Omitted Income Adjustments

Respondent now concedes that the adjustments that increase the gross receipts reported on the Schedules C are overstated. According to petitioner, respondent's concession along with other improper assumptions (not related to respondent's concession) made by the revenue agent render the analysis flawed, and therefore the adjustments that flow from the bank deposits analysis must be rejected. We disagree with petitioner regarding the consequences of respondent's concession. We do, however, have concerns with some of the revenue agent's

---

[6]The provisions of sec. 7491(a) are not applicable here.

**[*7]** assumptions, even though we recognize that the agent made certain assumptions because petitioner failed or refused to provide requested information.

Under the circumstances, we see no need to discuss our concerns in a point-by-point critique of the revenue agent's application of the bank deposits method. Petitioner challenges the validity of the adjustments resulting from the bank deposits method, and, even if for different reasons, we are willing to go along with his challenge. The adjustments to gross receipts and cost of goods sold as shown in the notice are not to be taken into account in the computation of the deficiency in petitioner's 2005 Federal income tax.[7]

Adjustments Reducing Claimed Trade or Business Expense Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner

---

[7]Eliminating these adjustments from the computation of the deficiency as determined in the notice results in an increased deficiency. Because respondent has not asserted an increased deficiency, however, the deficiency cannot exceed the amount determined in the notice. See sec. 6214.

**[*8]** to determine the taxpayer's correct tax liability. Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976); <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965).

In general, a trade or business expense, if properly substantiated, is allowed as a deduction. <u>See</u> sec. 162. Petitioner has presented to the Court no substantiating documents for any of the deductions here in dispute. We recognize that in the absence of substantiating records, trade or business expense deductions may be estimated. <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930).[8] However, the Court must have a reasonable basis on which to make an estimate. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

Petitioner identified various expenses, such as towing, inspection, and repairs, reasonably expected to be incurred by a taxpayer in the used car business, but his generalized testimony provides no basis for us to estimate the amounts of these expenses that he might have incurred during the year in issue. Accordingly, petitioner is not entitled to deductions in excess of the amounts respondent already allowed.

---

[8]Certain trade or business expense deductions, such as deductions for vehicle expenses and travel expenses, are subject to strict substantiation requirements and may not be estimated. <u>See</u> secs. 274(d), 280F(d)(4).

**[*9]** The Accuracy-Related Penalty

Section 6662(a) imposes a penalty of 20% of the portion of the underpayment of tax attributable to, among other things, a substantial understatement of income tax. Sec. 6662(b)(2). An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Respondent bears the burden of production with respect to the imposition of the penalty here in dispute, see sec. 7491(b), and that burden has been satisfied because the understatement of income tax, which equals the deficiency, exceeds $5,000, see secs. 6211, 6662(d)(2), 6664(a). That being so, it is petitioner's burden to establish that the imposition of the penalty is not appropriate. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

According to petitioner, he is unsophisticated in matters of Federal income taxation, and the penalty is not applicable because he relied upon his paid income tax return preparer to compute the Federal income tax liability shown on his return.

[*10] Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Under certain circumstances, a taxpayer's reliance upon professional advice may establish the taxpayer's "reasonable cause" and "good faith" with respect to an underpayment of tax if the taxpayer establishes that (1) the professional was provided with complete and accurate information, (2) an incorrect return was a result of the preparer's mistakes, and (3) the taxpayer demonstrates good faith reliance on a competent professional. See Estate of Goldman v. Commissioner, 112 T.C. 317, 324 (1999), aff'd without published opinion sub nom. Schutter v. Commissioner, 242 F.3d 390 (10th Cir. 2000); see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Although his return was prepared by a paid income tax return preparer, petitioner has failed to establish that he provided his return preparer with complete and accurate information or that he reasonably relied upon any advice the return

**[\*11]** preparer might have provided.  Accordingly, petitioner failed to establish that he acted in good faith with respect to any portion of the underpayment of tax or that any portion of the underpayment is due to reasonable cause.  Petitioner is liable for a section 6662(a) accuracy-related penalty, and respondent's imposition of that penalty is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.