T.C. Summary Opinion 2017-78

UNITED STATES TAX COURT

RAYMOND OCHOA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21609-15S.                          Filed October 4, 2017.

Raymond Ochoa, pro se.

<u>Kris H. An</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 26, 2015 (notice), respondent determined a $4,870 deficiency in petitioner's 2013 Federal income tax.

After a concession,[2] the issues for decision are whether petitioner is entitled to: (1) a dependency exemption deduction for H.O.,[3] (2) head of household filing status, (3) an earned income credit, (4) a child tax credit and an additional child tax credit, and (5) education credits.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in California.

Petitioner and Gloria Mada are the uncle and grandmother, respectively, of H.O., born in 2008. Petitioner, Ms. Mada, and H.O. resided in an apartment in Pasadena, California (apartment), during 2013. H.O.'s mother, Darlene Ochoa,

---

[1](...continued)
Code of 1986, as amended, in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent now concedes that petitioner paid $2,751 of qualified education expenses in 2013 and is entitled to the corresponding education credit.

[3]It is the policy of this Court not to identify minors. We refer to minor children by their initials. See Rule 27(a)(3).

resided in Washington, D.C., during most of 2013. H.O. attended public school in the Pasadena Unified School District (school district).

Ms. Mada paid approximately $700 to $800 monthly to rent the apartment. She also paid the monthly utility bills. Petitioner reimbursed Ms. Mada for $500 of the rent and for the entire cost of the utilities each month. Additionally, petitioner paid much if not all of the other living expenses for himself, Ms. Mada, and H.O. Ms. Ochoa occasionally sent money to Ms. Mada and/or petitioner to help defray H.O.'s living expenses. Ms. Mada's only source of income during 2012 was the $889 of Social Security income she received each month.

During 2013 petitioner was employed as an electrician and attended classes at Intercoast College (Intercoast) four nights per week. Intercoast issued a Form 1098-T, Tuition Statement, for 2013, which reflected petitioner's student status as at least half time and the total payment of $2,751 received for qualified tuition and related expenses.

Petitioner's timely filed 2013 Federal income tax return reported wages of $20,219 from his employment as an electrician and unemployment income of $1,344. No other income or source of income is reported on that return. Petitioner, who was not married as of the close of 2013, filed as a head of

household, claimed a dependency exemption deduction for H.O.,[4] and claimed an earned income credit and a child tax credit and an additional child tax credit computed as though H.O. was his qualifying child for purposes of those credits.

Also included with petitioner's 2013 return is a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits). On the Form 8863 petitioner claimed an American Opportunity Tax Credit (AOTC) of $2,440, of which he treated $976 as refundable and $483 as nonrefundable. According to that form, the credit is attributable to petitioner's education expenses at Intercoast.

In the notice respondent: (1) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly; (2) disallowed the dependency exemption deduction petitioner claimed for H.O.; and (3) disallowed all of the above-referenced credits.

## Discussion

As we have observed in countless opinions, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction or credit.[5] Rule 142(a); INDOPCO, Inc. v.

_____

[4]Petitioner now acknowledges that H.O. is his niece and not his daughter as originally described on his return.

[5]Petitioner does not claim and the record does not otherwise demonstrate

(continued...)

Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

I.  Qualifying Child Under Section 152(c)

Under the circumstances presented, petitioner's entitlement to the dependency exemption deduction and certain credits here in dispute depends upon who, as among petitioner, Ms. Mada, or Ms. Ochoa, may treat H.O. as a qualifying child as that term is defined in section 152(c).  Pursuant to that section, an individual may be treated as the qualifying child of a taxpayer if the individual: (1) is a child of the taxpayer or a descendant of such a child; or a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of such a relative; (2) has the same principal place of abode as the taxpayer for more than one-half of such taxable year; (3) meets certain age requirements; and (4) has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

---

[5](...continued)
that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

Respondent takes the position that H.O. cannot be treated as petitioner's qualifying child because petitioner has failed to show that he provided more than one-half of H.O.'s support. Respondent's focus on the source of H.O.'s support, however, misses the mark. For purposes of determining a taxpayer's qualifying child it matters not how much support a child receives from others so long as the child did not provide more than one-half of his or her own support. See sec. 152(c)(1)(D). We are satisfied that H.O. did not contribute more than one-half of her own support during 2013, so the support test does not, as respondent suggests, preclude her treatment as petitioner's qualifying child during 2013.

Furthermore, according to respondent, H.O. may not be treated as petitioner's qualifying child because H.O. did not reside with petitioner during 2013. Relying entirely upon the reference to H.O.'s mother on the records of the school district, respondent would have us find that H.O. and Ms. Ochoa resided in the same household during 2013 and that the household did not include petitioner for most of the year. However, petitioner and Ms. Mada credibly testified that they, along with H.O., shared the same residence during 2013 and that Ms. Ochoa did not live with them for most of the year. We find their testimonies more persuasive than the inference respondent draws from the records of the school district. Furthermore, it should be pointed out that even if Ms. Ochoa and H.O.

did share the same principal residence for more than one-half of 2013, that fact would not necessarily preclude a finding that H.O. was petitioner's qualifying child because of the tiebreaker rule of section 152(c)(4)(A), which is more fully discussed below. As it turns out, that tiebreaker rule is applicable here.

The evidence shows that for 2013 H.O. fit within the definition of a qualifying child within the meaning of section 152(c)(1) with respect to petitioner as well as Ms. Mada. That being so, a tiebreaker rule establishes which of them may treat H.O. as a qualifying child for 2013. Under that rule, H.O. is treated as the qualifying child of the taxpayer with the higher adjusted gross income for the tax year in question. See sec. 152(c)(4)(A)(ii)

Petitioner's adjusted gross income for 2013 as shown on his return was $21,563; Ms. Mada's sole source of income was the $889 of Social Security income she received each month. It is clear that petitioner had the higher adjusted gross income, and therefore H.O. is his qualifying child for 2013. Therefore, petitioner could claim H.O. as a qualifying child for purposes of the dependency exemption deduction, the earned income tax credit, the child tax credit, and the additional child tax credit. See secs. 152(c)(4)(A), 24(c)(1), 32(c)(3). Accordingly, petitioner is entitled to that deduction and those credits as claimed on his return. See secs. 24(c)(1), 32(c)(3), 151(c).

## II. Filing Status

Section 2(b) provides that a head of household includes an unmarried individual if the individual maintains a home which is the principal place of abode, for at least one-half of the year, for either a qualifying child as defined under section 152(c) or any other person who is the individual's dependent under section 151. Petitioner has established that H.O. was his qualifying child for 2013.

An individual will be considered to maintain a household only if the individual pays more than one-half of the expenses associated with the household. Sec. 1.2-2(d), Income Tax Regs. The expenses of maintaining a household include property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises. Id. Such expenses do not include the cost of clothing, education, medical treatment, vacations, life insurance, and transportation. Id.

As discussed supra p. 3, petitioner established that he paid most of the rent and utilities for the apartment that was the principal abode for himself, Ms. Mada, and H.O. during 2013. Ms. Ochoa also contributed to the maintenance of the household during 2013, but the evidence is insufficient to support a finding that whatever support she provided when added to the support provided by Ms. Mada,

exceeded the support provided by petitioner. Consequently, petitioner qualifies as a head of household for 2013.

III. AOTC

On Form 8863 attached to his 2013 return petitioner claimed an AOTC of $2,440. According to that form, the credit is attributable to petitioner's education expenses.

Respondent now concedes that petitioner is entitled to the education credit of $1,290 and the refundable AOTC of $875 on the basis of the Form 1098-T, which reflected petitioner's student status as at least half time and the total payment of $2,751 received for qualified tuition and related expenses. According to petitioner, the discrepancy between the amount he claimed to have paid for qualified tuition and related expenses and the amount reported on the Form 1098-T relates to the cost of tools that he used in the weekly "workshop" that was part of his course at Intercoast.

The AOTC is a modified version of the Hope Scholarship Credit. See sec. 25A(i). It provides for a credit for qualified tuition and related expenses paid by a taxpayer for education furnished to an eligible student. The credit is equal to "(A) 100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25

percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1). The statute defines "qualified tuition and related expenses" to include tuition and fees at an eligible educational institution that the taxpayer, the taxpayer's spouse, or the taxpayer's dependent attends, as well as course materials. Sec. 25A(f)(1), (i)(3). As relevant, qualified tuition and related expenses also include "fees for * * * equipment used in a course of study only if the fees must be paid to the eligible education institution for the enrollment or attendance of the student at the institution." Sec. 1.25A-2(d)(2)(ii), Income Tax Regs.

Although we find petitioner's testimony credible and have no doubt that he expended amounts for tools and/or equipment used in his weekly workshop at Intercoast, the expenses do not constitute fees paid to Intercoast and therefore are not included in the definition of qualified tuition and related expenses. See id. Accordingly, petitioner is not entitled to an AOTC for 2013 in an amount greater than the amount respondent now concedes.

To reflect the foregoing,

Decision will be entered

under Rule 155.